Cooper v. The State.

———— • • • ————

No. 9384.

COOPER *v.* THE STATE.

CRIMINAL LAW.—*Disturbing Religious Meeting.*—*Affidavit.*—*Statute Construed.*—An affidavit in a prosecution for disturbing a religious meeting, under the act of March 3d, 1859, 2 R. S. 1876, p. 472, must allege, and it must be proved upon the trial, that the meeting disturbed was a collection of inhabitants of this State.

SAME.—*Evidence.*— *Verdict.*—Where, on the trial in such a prosecution, no evidence was offered either proving or tending to prove that the meeting was composed of inhabitants of this State, either in whole or in part, a verdict of conviction is not sustained by sufficient evidence.

From the Pike Circuit Court.

*E. A. Ely* and *C. H. Burton,* for appellant.

*D. P. Baldwin,* Attorney General, *A. H. Taylor,* Prosecuting Attorney, *F. B. Posey* and—— *Wilson,* for the State.

NIBLACK, J.—This was a prosecution commenced before a justice of the peace.

The affidavit charged the appellant, Stephen Cooper, with having, on the 8th day of January, A. D. 1881, at the county of Pike, in this State, unlawfully interrupted, molested

and disturbed a certain collection of divers inhabitants of the State of Indiana, met together for religious worship, by then and there talking loudly, laughing, cursing and swearing.

The appellant was convicted before the justice, and he appealed to the circuit court, where a jury found him guilty as charged in the affidavit. After denying a motion for a new trial, that court rendered judgment upon the verdict.

So much of the act upon which this prosecution is based as relates to the particular offence charged substantially provides that any person who, being the owner or proprietor of any real property within one mile of any collection of any inhabitants of this State, met together for worship, shall rent or permit the same to be used for any of certain prohibited purposes, or "who shall, by any loud and unnecessary talking or hollowing or by any threatening, abusive, profane, or obscene language or violent actions, or by any other rude behavior, interrupt, molest or disturb such religious meeting, * * * or any person present thereat, or going to or returning therefrom, * * * shall be fined in any sum not more than twenty-five dollars nor less than five dollars." Act of March 3d, 1859, 2 R. S. 1876, p. 472.

It will thus be seen that, by inadvertence or from some unexplained motive of public policy, this act only extends its protection to collections of persons met together for religious worship, when such collections are composed, to a substantial extent at least, of inhabitants of this State.

The affidavit in this case seems to have been framed upon that theory, as it alleged that the meeting disturbed consisted of divers inhabitants of this State. That allegation was thus recognized as being, as it was in fact, material to the sufficiency of the affidavit under the statute above referred to. It was, therefore, incumbent upon the State to prove that the meeting alleged to have been disturbed was a collection of inhabitants of the State of Indiana. Moore's Criminal Law, sec. 684.

There was no evidence upon the trial either proving, or tending to prove, that the meeting was composed of such inhabitants, either in whole or in part. Upon that branch of the case no evidence of any kind was presented. The verdict was consequently not sustained by sufficient evidence, and a new trial ought to have been granted.

As the judgment must at all events be reversed, we have not carefully considered some other questions discussed by counsel.

The judgment is reversed, and the cause remanded for a new trial.