Hensley *et al.* v. The State.

·No. 12,932.

HENSLEY ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Plea of Former Jeopardy.—What Must be Shown.*—In pleading a former jeopardy it is not sufficient to show that a jeopardy once attached to the defendant, but it must also ·be shown that it was not waived by him by any act, or discharged by operation of law.

SAME.—*Nolle Prosequi to Count of Indictment During Trial.—Former Jeopardy.*—Where a plea of former jeopardy shows that during the first trial the State was permitted, over defendant's objection, to dismiss as to one ·count in the indictment, and that the trial proceeded on another count, ·which was substantially the same as the indictment to which the plea is addressed, but the plea fails to show the result of such trial, it is bad. The inference in such case is that there was no final judgment on the count on which the trial was had, in which event another trial thereon, ·or on a new indictment embracing the same facts, is proper.

From the Marion Criminal Court.

*J. W. Gordon, L. O. Bailey, W. T. Brown* and *C. F. Robbins,* for appellants.

*W. N. Harding,* Prosecuting Attorney, *B. Harrison, W. H. H. Miller, J. B. Elam*·and *J. B. Kealing,* for the State.

NIBLACK, J.—On the 11th day of June, 1885, the grand jury of Marion county returned an indictment in two counts against Charles S. Hensley and John Dearbaugh, for procuring an abortion upon the body of one Mary S. Hensley, a pregnant woman, in violation of the provisions of section 1923, R. S. 1881.

، The first count charged the miscarriage of the said Mary S. Hensley, by the use of an instrument with intent to produce such a result.

The second count charged the miscarriage of the said Mary S. Hensley, by the like use of an instrument, by reason of which she afterwards died.

Upon his appearance to the indictment, Charles S. Hensley pleaded specially that, on the 11th day of February, 1885, the grand jury of Marion county found and returned into court an indictment against him, in three counts; that the

first count charged him, the said Charles S. Hensley, with
having, on the 14th day of January, 1885, unlawfully, felo-
niously and wilfully used an instrument upon the person of
Mary S. Hensley, with the intent thereby to procure and pro-
duce the miscarriage of the said Mary S. Hensley, by reason
of which she, the said Mary, miscarried, and afterwards, on
the 19th day of January, 1885, died; that the second count
charged him, the said Charles S. Hensley, with having, at
the time named, and in the same manner, and with like in-
tent, used an instrument on the person of the said Mary S.
Hensley, by reason whereof, and on account of which she,
the said Mary, afterwards died; that the third count charged
John Dearbaugh with having, on said 14th day of January,
1885, unlawfully, feloniously and wilfully introduced an in-
strument into the womb of the said Mary S. Hensley, with
intent thereby to procure and produce the miscarriage of her,
the said Mary S. Hensley, whereof she, the said Mary, there-
after, on said 19th day of January, 1885, died, and further
charged the said Charles S. Hensley with having feloniously
incited, encouraged, counselled, procured, hired and com-
manded the said Dearbaugh to commit the crime so perpe-
trated by him; that, on the 12th day of February, 1885, he,
the said Charles S. Hensley, was arraigned upon said in-
dictment and entered a plea of not guilty thereto; that after-
wards, on the 25th day of May, 1885, a *nolle prosequi* was
entered as to the second count of such indictment, and all
further proceedings on said count were, in consequence, dis-
continued; that thereupon the cause was called for trial and
a jury was impanelled and sworn to try the issues formed upon
the first and third counts of said indictment; that the parties
then proceeded with the trial of said cause, including the in-
troduction of evidence, which was continued until the 27th
day of said month of May; that, on said last named day,
and before the argument was commenced, the prosecuting
attorney asked leave to withdraw the third count of the in-
dictment from the consideration of the jury, and to dismiss

the cause as to said third count; that over his, the said Charles S. Hensley's objection, the leave thus asked for was granted, and the cause as to such third count of the indictment was accordingly dismissed; that the cause was thereafter submitted to the jury on the issue joined on the first count of the indictment; that the parties named and described in said third count of the indictment in question were the same as those named and described in the indictment in this case, and that the crime charged in such third count was based upon the same transaction constituting the alleged crime charged in this case; that by reason of the matters herein above set forth, he, the said Charles S. Hensley, has, through the medium of said third count of the indictment so returned against him on the 11th day of February, 1885, been once put in jeopardy on the charge contained in the indictment in this case, and that, on that account, he ought not to be further tried, vexed or harassed on or by reason of such charge.

A demurrer was sustained to this plea, and upon a plea of not guilty Hensley, the appellant here, was found guilty as charged in the second count of the indictment in this case, and sentenced to pay a fine of $50, and to be imprisoned in the State's prison for the term of three years.

Error is assigned only upon the decision of the criminal court sustaining a demurrer to the special plea, the substance of which is given as above.

As applicable to our system of criminal jurisprudence, the question presented in this case is a novel one, and not entirely free from difficulty. It is now, however, well settled, that where a defendant in a criminal prosecution is put upon trial on a valid indictment before a jury lawfully empanelled and sworn, and the jury is discharged before a verdict is returned, without good cause, and without his consent, he has been put in jeopardy within the constitutional meaning of that term, and that the discharge of the jury in such a case is equivalent to a verdict of not guilty of the offence charged. *Wright*

v. *State*, 5 Ind. 290; *State* v. *Walker*, 26 Ind. 346; *Maden* v. *Emmons*, 83 Ind. 331; *Doles* v. *State*, 97 Ind. 555.

And, upon the same principle, it has been, in legal effect, held, and we have no doubt correctly, that where the defendant in a criminal cause has been placed upon trial before a competent jury, and a *nolle prosequi* is afterwards entered, over his objection, and allowed to prevail to the indictment or some count thereof, he can not be again tried upon the indictment, or count of such indictment, to which a *nolle prosequi* has been so entered. *Mount* v. *State*, 14 Ohio, 295.

But, so far as we are advised, it has never been either held, or judicially intimated, that the entry and allowance of a *nolle prosequi*, under such or similar circumstances, to one count of an indictment, either arrests or restrains further proceedings upon another count of the same indictment. Neither has it, within our knowledge, ever been either held, or judicially intimated, that where a defendant has been found guilty upon one count of an indictment, and not guilty upon another count of the same indictment, he may not be again tried upon the count upon which he has been so found guilty, in the event that a new trial has been granted, or the judgment arrested, upon that count. *Esmon* v. *State*, 1 Swan Tenn. 14; *Gerard* v. *People*, 3 Ill. 362; *Durham* v. *People*, 4 Ill. 172; *Weinzorpflin* v. *State*, 7 Blackf. 186; *Dickinson* v. *State*, 70 Ind. 247; *Lamphier* v. *State*, 70 Ind. 319; *Harvey* v. *State*, 80 Ind. 142.

The striking peculiarity of the state of facts relied on in this case is, that there was no averment as to the result or outcome of the trial upon the first count of the indictment returned against the appellant on the 11th day of February, 1885. In pleading a former jeopardy in a case like the one at bar, it is not sufficient to show that a jeopardy had once attached to the defendant. It must also be shown that the jeopardy so attaching was not discharged by operation of law or waived by some act of the defendant. There being no averment either of a conviction or acquittal upon the count in question,

the inference was that thère was no final judgment upon that count—either that the jury, for some good reason, failed to return a verdict, or else that a new trial was granted, or the judgment arrested—and that in consequence another trial might have been had upon such count. As the cause thus presumably stood over for another trial on one count of the indictment, it was competent for the prosecuting attorney to abandon the cause on that count, and to have a new indictment returned, based upon and embracing substantially the same facts. As a careful examination will disclose, the indictment in this case contains substantially the same facts as those charged in the first count of the former indictment, being only separated into two counts instead of one.

Our conclusion therefore is that the facts specially pleaded in this case would have constituted a good defence of jeopardy to the particular matters alleged in the third count of the former indictment, but did not make a case of former jeopardy on the facts charged in the first count of that indictment and repeated in the indictment in the present case.

No cause has, consequently, been shown for a reversal of the judgment below.

The judgment is affirmed, with costs.

Filed Oct. 9, 1886.