## MILLER v. THE STATE.

[No. 5,123. Filed June 10, 1904. Rehearing denied October 11, 1904.]

CRIMINAL LAW.—*Former Jeopardy.*—Where, in a criminal prosecution, defendant was not acquitted by the justice of the peace nor discharged because the justice found him innocent, but, upon the motion of the defendant, the justice was influenced to dismiss the charge because of the supposed insufficiency of the proceedings, including the affidavit, there was an implied waiver of jeopardy, and defendant could not plead former jeopardy in a subsequent prosecution for the same offense. *pp. 510–513.*

SAME.—*Former Jeopardy.*—*Assault.*—*Provoke.*—The offenses of assault and of criminal provocation are essentially different in character, the former being an offense against the person, and the latter against the public peace, and an acquittal in a prosecution under one charge will not bar a prosecution under the other. *pp. 513–515.*

APPEAL AND ERROR.—*Joint Assignment.*—*Instructions.*—A joint assignment as to alleged erroneous instructions is not available on appeal unless all of the instructions complained of are erroneous. *p. 515.*

From Miami Circuit Court; *J. N. Tillett*, Judge.

Jacob P. M. Miller was convicted of an assault, and he appeals. *Affirmed.*

*J. T. Cox, E. T. Reasoner, J. W. O'Hara* and *Albert Ward*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake*, for State.

BLACK, C. J.—The appellant Jacob P. M. Miller was prosecuted for the offense defined by §1983 Burns 1901, which provides: "Whoever, having the present ability to do, so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault," etc.   The affidavit and information charged that on the 9th day of March, in the year 1903, in the county of Miami, and the State of Indiana, the appellant, naming him, did then and there unlawfully assault William Sharp, by then and there unlawfully attempting, etc., pursuing substantially the language of the statute; contrary, etc.   Besides entering a plea of not guilty, the appellant filed a special plea, on which issue was taken, wherein he set up his prior acquittal, before a certain justice of the peace of the same county, of a charge of having, on the 9th day of March, 1903, unlawfully, by words, signs, and gestures, attempted to provoke William Sharp to commit an assault and battery upon the appellant, the said William Sharp then and there having the ability to do so; contrary, etc.; the proceedings before the justice being set forth in the plea, whereby it appeared, after an affidavit of William Sharp preferring such charge against Jacob P. M. Miller, that on the 18th day of March, 1903, the appellant voluntarily appeared in court "and pleaded not guilty; as the constable had made no return of service before or at the hour set for trial, and as he had inserted names of witnesses above the justice's signature, and the affidavit was not sufficient in not summoning the complaining witnesses nor stating the name of the defendant in full, on motion of the defense I dismissed the case from my docket and discharged the defendant Jacob P. M. Miller from custody."   It was further stated in the proceedings before the justice of the peace, that, "at the time," the defendant pleaded and asked for a speedy trial, by his attorney named; that there were no returns of warrant or subpœnas in the court, and names of witnesses could not therefore be inserted in proper place on the

docket; that another attorney named, who had volunteered in court on behalf of the State, examined witnesses as they were present and sworn, naming four persons, and that the witnesses were cross-questioned by the person named as the attorney for the defendant; "and on testimony given and other gross irregularities, I made the above-stated dismissal and discharge of defendant." It was further alleged, in substance, in the special plea of former acquittal, that said judgment, discharge, and acquittal still remained in full force and effect, and that the Jacob P. M. Miller so charged, arraigned, and acquitted was the appellant, and that "the, said provoke or attempted provoke charged by words, signs, and gestures, of which the said Jacob P. M. Miller was charged, acquitted, and discharged, as aforesaid, by said justice, and the assault of which he is now charged in the present affidavit and information, are one and the same misdemeanor, and not other or different misdemeanor or offense," etc. No question has been made as to the plea of former jeopardy, and the propriety of trying the issue made thereon along with the issue made by the plea of not guilty has not been questioned.

It is assigned here that the court below erred in overruling the appellant's motion for a new trial. Upon the merits of the charge tried under the plea of not guilty the evidence authorized a conviction. There was conflict in the testimony, but the whole evidence was of such character that this court would not be warranted in interfering with the conclusion of the jury that there was an unlawful assault.

It is strongly urged that the evidence showed the former jeopardy of the appellant. The former prosecution was based on §2067 Burns 1901, which provides: "Whoever by words, signs or gestures, provokes or attempts to provoke another, who has the present ability to do so, to commit an assault or assault and battery upon him, is guilty of criminal provocation," etc. The right to rely upon a former

jeopardy may be waived, and waiver will be implied where, after jeopardy has attached, the defendant moves to quash or dismiss the indictment, and upon such motion the indictment is quashed or dismissed. In such case there may be a new prosecution, whether the indictment in the former prosecution was good or bad; and where the defendant is acquitted upon his own request, based upon the alleged ground that the indictment is defective, he will not be heard to complain on a second prosecution that he was in jeopardy under the former prosecution.

In *Joy* v. *State,* 14 Ind. 139, 152, it was said, that if a defendant moves in arrest, or to vacate a judgment already rendered, he will be presumed to waive any objection to being put a second time in jeopardy; and if he succeeds in causing judgment to be arrested on a verdict rendered on a good indictment, the court supposing it to be bad, he may be again placed on trial. "The reason of this is that the proceedings were had at his instance, which resulted in setting aside the verdict, etc. It was for his benefit, and he is presumed to waive any future peril he may incur, in view of the advantage he derives by getting rid of the present pressing jeopardy."

In *Von Rueden* v. *State,* 96 Wis. 671, 71 N. W. 1048, where it appeared that the discharge of the defendant from the former prosecution was granted upon his own motion on the ground of the insufficiency of the complaint, that the motion was sustained, and the case dismissed, and the defendant discharged, and a new complaint was made and filed, and a warrant issued, under which a conviction was had, it was held that there was no former jeopardy, and that the defendant could not be allowed in the second case to say that the complaint in the former case was good.

In *Hensley* v. *State,* 107 Ind. 587, it was said that it is not sufficient to show that jeopardy attached, but it must also be shown that it was not discharged by operation of law, or waived by some act of the defendant.

Miller *v.* State.

The proceedings before the justice of the peace upon the prosecution for criminal provocation, as set out in the special plea, were shown in evidence. There is some uncertainty in the entries made by the justice. It appears therefrom that there was a voluntary appearance of the defendant, and a plea of not guilty was entered, and witnesses were examined by a volunteer attorney for the State; and there is a confused statement of reasons for dismissing the prosecution and discharging the defendant, including the testimony given, and matters which the justice regarded as gross irregularities, among them being the supposed insufficiency of the affidavit on which the prosecution was based; and it appears that for reasons indicated, on the motion of the defendant, the justice dismissed the case and discharged the defendant. There is enough to indicate that the justice of the peace did not acquit the defendant or discharge him because he found him innocent, but that he was influenced to dismiss the charge because of supposed insufficiency of the proceedings, including the affidavit, not upon his own motion, but upon the motion of the defendant.

We would be inclined to regard the defendant as having purposely brought about the ending of his jeopardy before the proceedings reached the stage of conviction or acquittal of the offense charged, by procuring the dismissal of the prosecution through his own motion because of supposed gross irregularities, including the alleged insufficiency of the affidavit. There seems to be sufficient reason for concluding that there was an implied waiver of jeopardy. To sustain the defense of former jeopardy, the offenses charged in the two prosecutions should be the same in law and in fact.

In *State* v. *Elder,* 65 Ind. 282, 32 Am. Rep. 69, the following rules were said to be deducible from principle and authority: "1. When the facts constitute but one

offense, though it may be susceptible of division into parts, as in larceny for stealing several articles of property at the same time, belonging to the same person, a prosecution to final judgment for stealing a part of the articles will be a bar to a subsequent prosecution for stealing any other part of the articles stolen, by the same act. 2. When the facts constitute two or more offenses, wherein the lesser offense is necessarily involved in the greater—as an assault is involved in an assault and battery, as an assault and battery is involved in an assault and battery with intent to commit a felony, and as a larceny is involved in a robbery—and when the facts necessary to convict on a second prosecution would necessarily have convicted on the first, then the first prosecution to a final judgment will be a bar to the second. 3. But when the same facts constitute two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act." The usual test is to inquire whether the evidence necessary to sustain the later prosecution would have justified a conviction in the former case. *State* v. *Hattabough,* 66 Ind. 223; *Smith* v. *State,* 85 Ind. 553.

In *Freeman* v. *State,* 119 Ind. 501, the following is quoted with approval from a text writer: "The test is, whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could, the second can not be maintained; when there could not, it can be." See, also, *Beyerline* v. *State,* 147 Ind. 125; *De Haven* v. *State,* 2 Ind. App. 376; 17 Am. & Eng. Ency. Law (2d ed.), 596.

In *Davidson* v. *State,* 99 Ind. 366, it was said: "The true test to determine whether a plea of former conviction,

or former acquittal, is a good bar, is to decide whether the crimes, as charged, are so far distinct that the evidence which would sustain one would not sustain the other. If they are so distinct, there has been no former jeopardy."

Comparing the statutory definition of the two offenses, criminal provocation and assault, and applying the rule recognized as the test for the determination of the question of former jeopardy, by considering whether the evidence necessary to sustain the charge of an assault would have justified a conviction under the charge of a criminal provocation, it is apparent that the offenses are essentially different in character; the former being an offense against the person, the latter an offense against the public peace. A conviction or acquittal of either of the offenses would not necessarily determine the question whether or not the defendant was also guilty of the other. See *State* v. *Gapen,* 17 Ind. App. 524.

The appellant in his motion for a new trial assigned as one of the grounds the giving to the jury of a number of instructions indicated by their numbers. In his brief one only of these instructions is presented as erroneous. The assignment in the motion being joint, it could be of no avail here unless it were shown to us that all the instructions were erroneous.

The refusal to give two of the instructions requested by the appellant was assigned as another ground in the motion. It is suggested by counsel for the State that the subject-matter of these instructions was sufficiently covered by instructions given. The instructions rejected contained some correct general statements concerning the presumption of innocence and the effect of reasonable doubt, but it was not error to refuse them unless it was the duty of the court to give the two instructions as a whole. They each contained statements relating to the subject of former jeopardy, and under the condition of the record, it being mani-

fest that there had been nothing which could properly be regarded as a former jeopardy, there could be no error in refusing to submit such matter to the consideration of the jury.

Judgment affirmed.