### ED CARROLL v. THE STATE.

#### No. 3675. Decided December 12, 1906.

**1.—Theft of Horse—Misconduct of Jury—Defendant's Failure to Testify.**

Where upon trial of theft of a horse the defendant did not testify, and the jury in their retirement, before reaching a verdict discussed the matter of defendant's failure to testify, the verdict must be set aside.

**2.—Same—Charge of Court—Fraudulent Taking—Permanent Appropriation.**

On trial for the theft of a horse where the evidence showed that defendant had escaped from a county convict farm; that in the pursuit by the officers, to escape arrest, he took the horse in question, rode him awhile and then turned him loose, it was error to charge that if defendant abandoned the horse because the horse would go no further, to find him guilty if he took him fraudulently.

**3.—Same—Former Jeopardy—Defective Indictment.**

Upon trial for the theft of a horse where defendant pleaded former jeopardy and showed that he had been placed on trial for the same transaction under a different indictment, which indictment alleged the ownership of Paker, and also alleged want of consent of Parker, and that after plea of not guilty upon said former indictment defendant called the attention of the court to the variance in said owner's name, the "r" having been left out in one name; and that thereupon the said indictment was quashed; and that the indictment upon which the defendant was being tried contained the name of Parker throughout. Held, that defendant could not avail himself of this matter, for the reason that he secured the quashal of the first indictment, even if the former indictment had been good.

Appeal from the District Court of Hill. Tried below before the Hon. W. C. Wear.

Appeal from the conviction of the theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for horse-theft. Appellant did not testify in his own behalf. After the jury had retired, they had a ballot resulting in nine for conviction and three for acquittal. The question was asked whether appellant did not testify; and some of the jurors swear that one of the jurors stated that he knew better. On another occasion one of the jurors mentioned the fact that appellant did not testify, and asked the reason.

To this the reply was made that there was no necessity for it, as the sheriff had testified to what defendant would testify. It seems that one juror asked why appellant did not testify, and to this reply was made that the jury could not consider that. This is about the substance of this ground of the motion for new trial. We are of opinion that under our decisions this is such an infringement of the statute prohibiting comment and criticism or allusion to the failure of the defendant to testify as requires a reversal.

The statements, admission or confessions, whichever they may be termed made by appellant to the sheriff, were introduced in evidence by the State, to the effect that appellant had escaped from the county convict farm in Navarro County, and that the officers were pursuing him with hounds, and to escape arrest he took the horse in question, and rode him to Fort Worth, turned him loose, and there bought a horse and went on to the Indian Territory. Later on, the horse in question was recovered at the point designated by appellant, near Fort Worth, where he had been running from the time appellant turned him loose until recovered by the owner. The court charged the jury that there must be a fraudulent taking of the property before they could convict, and further, if they should believe at the time appellant took the horse he was pursued by officers of Navarro County and to evade them he took the horse, with no intention of permanently appropriating the same to his own use and benefit, but intended simply to use the horse temporarily, or if they had a reasonable doubt in regard to this matter they should acquit. This was a correct charge. Subsequently, however, the court instructed the jury, if appellant took the horse fraudulently with the intent to permanently deprive the owner of it, and did not simply intend to use it temporarily, and that he abandoned the horse north of Fort Worth, because the horse was ridden down, and unable to travel further, they should find him guilty, although they might believe appellant realized no pecuniary benefit from said horse. If appellant took the horse with intent to defraud, it would make no difference whether he rode him to Fort Worth to escape the officers or not. The offense was complete the moment he fraudulently took him into possession. If he did not take him fraudulently with the intent to appropriate him, but simply to steal a ride, the fact that he abandoned the horse later on would make no difference. Whenever the taking is not fraudulent no subsequent appropriation could be theft. While the court's charge announced a correct proposition, it has the appearance of having singled out the fact of abandonment to the jury as evidence in the court's mind that the original taking was fraudulent, which was evident by the subsequent abandonment. If the court should see proper upon another trial to give this question in charge to the jury, the converse of it, it occurs to us, in fairness should be given. That is, if the horse was not fraudulently taken, the fact that the horse was ridden down and abandoned would not be evidence of an original fraudulent taking.

There is a bill of exceptions in the record to the action of the court overruling the plea of jeopardy. The facts as raised by the bill show that appellant had been previously placed upon trial for the same transaction under a different indictment; that the other indictment charged that appellant "fraudulently took the horse from E. D. Paker, same being the personal property of said E. D. Parker, without the consent of the said E. D. Parker," etc. Upon the last trial, after the announcement of ready, empanelment of the jury, reading the indictment, and plea of not guilty, Parker was placed upon the stand as a witness. Defendant then brought to the attention of the court, that there was what he terms a variance in the indictment. To copy from the bill: "In other words, in the first place in the indictment where it is alleged the horse was taken from the possession of E. D. Paker, the same being the corporeal personal property of said E. D. Parker, without the consent of the said E. D. Parker, and with the intent to deprive the said E. D. Parker of the value of the same," constituted a variance in the allegations on the face of the indictment. The objection in the name being that, in the first instance, the "r" was left out of Parker's name, and that on account of said variance the court quashed the former indictment and dismissed the same at the instance of the defendant. The present indictment is identical with the former, except the "r" is inserted in Parker's name throughout the indictment. Without going into the sufficiency of the original indictment, that is whether it was valid or not, as to the name, we are of opinion that appellant is not in condition to urge it on the question of jeopardy, whether the indictment was sufficient or not. The indictment was quashed at his instance. While it is true that jeopardy had attached upon the entry of the plea of not guilty, if the indictment had been good, this plea of jeopardy could not avail appellant, for the reason that he secured the quashal of the indictment and the dismissal of the case. As a general proposition, where an indictment is quashed as being insufficient or a demurrer has been sustained and the accused is therefore discharged, there is no such jeopardy as will bar a prosecution on another indictment for the same offense. By the great weight of authority, where the accused is arraigned upon a sufficient indictment and pleads, and the jury is empaneled and the plea of not guilty is entered, the dismissal of the indictment, without the consent of the accused, amounts to an acquittal, and bars further prosecution for the same crime. This proposition would hardly need authorities to support it. But it is equally true, that where the accused has secured a decision that the indictment is void, or procured its being quashed, the accused is estopped when he is subsequently indicted, to assert that the former indictment was valid. U. S. v. Jones, 31 Fed., 725; Joy v. State, 14 Ind., 139; State v. Meekins, 41 La. Ann., 543. And it has been held that if the accused on a prior trial maintains a variance, was material, and the court directed an acquittal on that ground he cannot subsequently on his plea of former

acquittal allege or prove that it was not material. People v. Meakim, 61 Hun (N. Y.), 327; State v. Goff, 66 Mo. App., 491. Nor can a defendant plead jeopardy where the jury before which he was first on trial was discharged on his motion or with his consent. Arcia v. State, 28 Texas Crim. App., 198; State v. Coleman, 54 So. Car., 282; Peiffer v. Com. 15 Pa. St., 468; State v. Davis, 80 N. Car. 384; People v. White, 68 Mich., 648; People v. Gardner, 62 Mich., 307; Com. v. Sholes, 13 Allen (Mass.), 554; State v. Wamire, 16 Ind., 357; Mc-Corkle v. Com., 14 Ind., 39; Hughes v. State, 35 Ala., 351; Cobia v. State, 16 Ala., 781; Rex v. Stokes, 6 C. & P., 151; Foster Crown L., 27; 2 Hawkins P. C. C., 47, sec. 1.

Under these authorities this quashal of the indictment and dismissal of the case, after the jury was empaneled, being at the instance of defendant and with his full and free consent, cannot be set up by him as à plea in bar of further prosecution. As before stated, we deem it unnecessary to discuss the sufficiency of the indictment, that is, whether the omission of the letter "r" from the name "Parker" in the first indictment, under the allegation above set out, was sufficient to render it invalid. Appellant is in no condition to assert the proposition that it was invalid.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.