# BLOCHER *v.* STATE OF INDIANA.

[No. 22,003. Filed April 16, 1912.]

1. CRIMINAL LAW.—*Former Jeopardy.—Insufficient Indictment.—
Partial Trial.*—Where defendant was put on trial after his motion to quash the indictment was overruled, and, at the close of
the evidence, the court reconsidered its ruling and sustained
the motion to quash, he was not thereby put in jeopardy. p. 358.

2. CRIMINAL LAW.—*Indictment.—Motion to Quash.—Waiver of
Jeopardy.*—Where the action of the trial court in quashing a
valid indictment, after defendant was put on trial and the evidence heard, was induced by defendant, he thereby waived his
right to immunity from a second jeopardy. p. 359.

3. CRIMINAL LAW.—*Former Jeopardy.—Objection to Discharge of
Jury in Former Trial.*—Where the court reconsidered its ruling
and sustained a motion to quash the indictment at the close of
the evidence, the objection of the defendant to the discharge of
the jury short of acquittal is of no avail in a claim that the proceedings constituted a former jeopardy. p. 359.

4. CRIMINAL LAW.—*Appeal.—Record.—Motion to Quash.—Failure
to Show Grounds for Motion.*—No question as to overruling a
motion to quash is presented on appeal where neither the record

nor appellant's brief shows such a motion stating any grounds therefor.   p. 359.

5.   CRIMINAL LAW.—*Appeal.—Harmless Error.—Exclusion of Evidence.*—The action of the trial court in sustaining objections to questions calling for expert testimony relating to the effect on the human mind of the excessive use of intoxicating liquor as affecting motive or intent, is harmless where, after such ruling, the court permitted the witness, as well as other witnesses, to give testimony fully covering the matter involved in the questions. p. 360.

6.   CRIMINAL LAW.—*Trial.—Instructions.—Reasonable Doubt.*—An instruction on reasonable doubt, correct but not full, given at the request of the State, is cured by an instruction given at defendant's request which fully covers what the former may lack in a comprehensive definition of such doubt.   p. 360.

7.   CRIMINAL LAW.—*Trial.—Instructions.—Omitting "From the Evidence."—Consideration as a Whole.*—Instructions are to be considered as a whole, and an instruction stating the essential elements of forgery as applied to the charge against defendant, which told the jury that if it found the facts established beyond a reasonable doubt it should convict, was not misleading for failure to include the words "from the evidence" where by other instructions the jury was told that it could not convict unless the evidence convinced it of defendant's guilt beyond all reasonable doubt.   p. 361.

8.   CRIMINAL LAW.—*Trial.—Instructions.—Province of the Jury.*— An instruction which sets out all the elements of the crime charged, and states that if the facts constituting such elements have been proved beyond a reasonable doubt the jury should find the defendant guilty, is not an invasion of the province of the jury where there is a further instruction that the jury is the judge of the law as well as the facts.   p. 361.

9.   CRIMINAL LAW. — *Trial. — Instructions. — Failure to Include Charge on Mental Condition.*—The giving of instructions which failed to tell the jury that the mental condition of defendant brought on by long continued drinking of intoxicating liquor might be considered on the question of intent was not error, where by other instructions the jury was fully instructed on the question.   p. 361.

10.   CRIMINAL LAW.—*Trial.—Instructions.—Repetition.—Refusal.*— The refusal of instructions tendered is not error if they are in effect but a repetition of other instructions given by the court. p. 362.

11.   CRIMINAL LAW. — *Appeal. — Amendment of Judgment. — Presumption.*—Where the return to a writ of *certiorari* shows that an error in the judgment was discovered and corrected before the order-book entry thereof was signed by the judge, it will be

presumed on appeal, in the absence of anything appearing in the record to the contrary that the correction was made by the court within the term when it might lawfully be made. p. 362.

From Cass Circuit Court; *John S. Lairy*, Judge.

Prosecution by the State of Indiana against Charles A. Blocher. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Frank V. Guthrie*, for appellant.

*Thomas M. Honan*, Attorney-General, *Edwin Corr*, *Thomas H. Branaman* and *James E. McCullough*, for the State.

Cox, J.—Appellant was indicted for the crime of forgery. He moved to quash the indictment, and his motion was overruled. Upon a plea of not guilty he was put upon trial before a jury. At the close of the evidence for the State, the trial court reconsidered its ruling on appellant's motion to quash the indictment and sustained it, and discharged the jury. Thereafter an affidavit charging the same offense was filed by the prosecuting attorney, and upon it appellant was tried and convicted. From this conviction he appeals, and by proper assignments of error presents numerous questions. The first question, which is presented in several ways, arises out of the contention that appellant

1. was put in jeopardy by being put upon trial upon the indictment, and could not, without violating his constitutional rights, be again tried for the same offense. The decision of this question must be against appellant. That appellant was not conducted into jeopardy by the partial trial on the indictment, if that indictment was not sufficient to sustain a conviction, is too obvious and well settled to need citation of authority or precedent to support the proposition. But it is now claimed by counsel for appellant that the former indictment was a good and sufficient charge of the offense, and that, therefore, jeopardy attached. We are not required to determine whether the indictment was good

or bad, for conceding it to have been good, appellant, having induced the action of the trial court in holding it bad, by his motion to quash it, which the court sustained, thereby waived any right to claim that he had been put in jeopardy under it. The immunity from a second jeopardy is a constitutional right which a defendant may waive. Appellant invoked, by his motion to quash, the action of the trial court to lift him out of the peril he was then in, and he cannot now take advantage of that action, if erroneous, to relieve himself from the second jeopardy, for he waived his right. *Joy* v. *State* (1860), 14 Ind. 139, 148; *Hensley* v. *State* (1886), 107 Ind. 587, 8 N. E. 692; *Miller* v. *State* (1904), 33 Ind. App. 509, 71 N. E. 248; *Ex parte Winston* (1875), 52 Ala. 419; *Brown* v. *State* (1900), 109 Ga. 570, 34 S. E. 1031; *Commonwealth* v. *Gould* (1858), 78 Mass. 171; *State* v. *Priebnow* (1884), 16 Neb. 131, 19 N. W. 628; *Von Rueden* v. *State* (1897), 96 Wis. 671, 71 N. W. 1048; *State* v. *Hart* (1885), 33 Kan. 218, 6 Pac. 288; *Jones* v. *Commonwealth* (1906), 124 Ky. 26, 97 S. W. 1118; *People* v. *Meakim* (1891), 61 Hun 327, 15 N. Y. Supp. 917; *Stone* v. *State* (1909), 160 Ala. 94, 49 South. 823, 135 Am. St. 69 and note; 1 Bishop, New Crim. Law §1027, clause 4.

Nor can the fact that appellant, upon the court reconsidering its ruling and sustaining the motion to quash, objected to the discharge of the jury short of an acquittal, put him in a better position to claim former jeopardy. *Ex parte Winston, supra; Commonwealth* v. *Gould, supra; Jones* v. *Commonwealth, supra.* The indictment being quashed, there was nothing to go forward upon—no charge for the jury to try.

It is next contended that the court erred in overruling appellant's motion to quash the affidavit on which he was convicted. For the reason given in *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125, this question is not presented. Neither the record nor appellant's

brief shows a motion to quash, stating any grounds therefor. Moreover, the objection to the affidavit which is now made to this court is not valid under the holding in *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 820.

Among the causes for a new trial, the overruling of which is assigned as error, were two based on the action of the trial court in sustaining objections of the State to two 5. questions put to a medical witness called for the defense. These questions called for expert testimony relating to the effect of the excessive drinking of intoxicating liquor on the human mind as affecting the question of motive or intent. We need not determine whether the court was right or wrong in this action, for not only this witness, but two others, after the ruling complained of, were permitted to give testimony fully covering the matter involved in the questions, and appellant was not harmed by the ruling.

The court did not commit error in admitting in evidence, over appellant's objection, the check alleged to have been forged by appellant, for it was identical with that set out in the affidavit.

Complaint is made of several instructions given by the court, and also of the court's refusal to give a number tendered by appellant. An examination of the instructions under which the verdict of the jury was returned, shows that the jury was very fully and fairly instructed. Instruction four, given by the court, by request from the State, involves the question of reasonable doubt. It did not state the law incorrectly, and anything it lacked in a comprehensive definition of reasonable doubt was fully and favorably stated in instruction thirteen, given at appellant's request.

Instruction five, given at the request of the State, is criticised in two particulars. It stated the essential elements of the offense of forgery as applied to the charge against appellant, and told the jury that if it found the facts established beyond a reasonable doubt, it should convict. The first ob-

jection to the instruction is that the words "from the
7.  evidence" are omitted from the instruction, and it is
contended that by this omission the jury was not re-
quired to base its finding of the facts upon the evidence.
Instructions are to be considered as a whole, and the partic-
ular omission complained of in this instruction could not
have led the jury to believe that it might, in making its
verdict, depart from the evidence before it, for in several
other instructions given by the court it was told that a rea-
sonable doubt might arise from the evidence or the lack of
evidence, and that it could not convict appellant unless con-
strained to do so by the evidence convincing it of his guilt
beyond all reasonable doubt.    It is also made an ob-
8.  jection to this instruction, that it invades the province
of the jury to determine the law and facts in criminal
cases.    But it has been decided that where the court in an
instruction sets out all the essential elements of the crime
charged, and then states that if the facts constituting such
elements have been proved beyond a reasonable doubt the
jury should find the defendant guilty, it is not an invasion
of the province of the jury, where, as was done here, the
jury was also instructed that it was the judge of the law as
well as the facts.    *Hutchins* v. *State* (1898), 151 Ind. 667,
52 N. E. 403; *McCaughey* v. *State* (1901), 156 Ind. 41, 59
N. E. 169; *Reynolds* v. *State* (1897), 147 Ind. 3, 46 N. E. 31.

Neither instruction six nor seven, given at the request of
the State, stated the law erroneously.    If it be conceded, as
contended by counsel for appellant, that the jury
9.  should have been told that the mental condition of
appellant brought on, as claimed, by long continued
drinking of intoxicating liquor might be considered on the
question of intent, the failure to incorporate that direction in
these instructions was not error, nor did it harm appellant,
for in other instructions the court fully instructed the jury
favorably to him on this question.

It is contended that the court erred in refusing to give to the jury each of seven certain instructions tendered by appellant. Five of these were, in effect, but repetition of other instructions given by the court, which were favorable to appellant, some of them given at appellant's instance, and it was not error to refuse them. The other two obviously did not state the law correctly as applied to the charge in the affidavit.

A careful examination of the evidence leads to the conclusion that appellant's contention, that it does not sustain his conviction, is not so well supported as to compel a reversal for lack of evidence.

In four differently worded assignments of error it is averred that the court erred in rendering judgment, over the objection of appellant, imposing a fine in excess of the amount fixed by the verdict of the jury, and imprisonment for a greater maximum number of years than the statute providing a penalty for forgery permits. The transcript of the record, as originally filed in this court, showed no such judgment, but, on the contrary, one entirely in harmony with the verdict and in conformity to the statute; and this judgment is not called in question, except as it was affected by the alleged errors in the trial preceding it, which have been considered. But in a petition for a writ of *certiorari* in appellant's behalf, it is charged that judgment was first rendered by the court, as claimed by appellant, and this fact, it may be added, is confirmed by a special bill of exceptions found in the record. The return of the clerk to a writ of *certiorari,* however, shows that the error in the judgment was discovered and corrected before the order-book entry thereof was signed by the judge, and in the absence of anything appearing in the record to the contrary we must presume that the judgment was amended and corrected by the court within the term when it might lawfully be made.

Finding no error.in the record, the judgment is affirmed.

Myers, J., did not participate in the decision of this cause.

NOTE.—Reported in 98 N. E. 118. See, also, under (1) 12 Cyc. 265; (2) 12 Cyc. 266; 14 Ann. Cas. 428; (3) 12 Cyc. 271; (4) 12 Cyc. 865; (5) 12 Cyc. 926, 927; (6) 12 Cyc. 931; (7) 12 Cyc. 654; (8) 12 Cyc. 603; (9) 12 Cyc. 656; (10) 12 Cyc. 662; (11) 12 Cyc. 894. As to identity in a plea of former jeopardy see 92 Am. St. 89. As to what facts sustain plea of former acquittal, see 58 Am. Dec. 536. As to effect of second indictment or information for same offense after accused is entiled to discharge for want of prosecution under first, see 11 L. R. A. (N. S.) 257.