PEOPLE *v,* FOCHTMAN.

1. CONSTITUTIONAL LAW—CRIMINAL LAW—FORMER JEOPARDY NOT AVAILABLE WHERE DEFENDANT INVOKED NEW TRIAL.

The provisions of the Federal and State Constitutions with reference to former jeopardy spring from the common law and afford protection against a second trial for the same offense, but do not, as at the common law, prevent a new trial invoked by and granted to a defendant.

2. CRIMINAL LAW—OMISSION OF EXAMINING MAGISTRATES TO SIGN RETURN NOT FATAL WHERE RECOGNIZANCE RETURNED.

Where the examining magistrate made return to the circuit court of the proceedings had before him and the recognizance given by defendant to answer the offense

On question as to whether indictment or information for unlawful sale of intoxicating liquors must state name of person to whom sale is made, see note in 23 L. R. A. (N. S.) 581.

charged, the omission of the magistrate to sign the return did not deprive the court of jurisdiction; the recognizance being sufficient.

3. SAME—FORMER JEOPARDY—ESTOPPEL.

Where defendant's motion, made after a jury was impaneled and sworn, to quash the information on the ground that it was void because of the omission of the examining magistrate to sign the return, was granted, he is estopped, on the second trial, from asserting its validity and claiming former jeopardy.

4. SAME—STATUTES—NEW RULE OF EVIDENCE SHOULD BE CLEARLY STATED.

When legislation attempts to cut away a long settled rule of evidence regulating criminal trials, and to substitute a different rule, care should be exercised and the substituted rule be stated with some degree, at least, of clearness.

5. INTOXICATING LIQUORS—STATUTES—EVIDENCE OF OTHER SALES. "AT OR ABOUT THE SAME TIME."

In a prosecution for violation of the prohibition law, where the information was confined to a charge of a sale to a certain person on June 12, 1922, it was error to admit testimony that as early as May 15th and after June 12th, intoxicated persons came from and were near defendant's premises, and that when the sheriff made the arrest on August 5th he searched the premises without a search warrant or permission and found whisky in the ice box, notwithstanding section 54 of Act No. 338, Pub. Acts 1917, permitting evidence of other sales "at or about the same time" by the same person, or at the same place to other persons; the ordinary meaning of said words being approximately the same time.

6. SAME—EVIDENCE AS TO OTHER PERSONS INTOXICATED MUST BE DEFINITE AS TO NAMES OR IDENTITY.

Testimony, to be admissible under said statute, must inform the defendant of the names or identity of the persons intoxicated in and about his premises.

Exceptions before judgment from Emmet; Shepherd (Frank), J. Submitted October 11, 1923. (Docket No. 118.) Decided February 1, 1924.

. Frank Fochtman was convicted of violating the liquor law. Reversed.

*Homer H. Quay* (*Sprague & Shepherd,* of counsel), for appellant.

. *C. J. Pailthorp,* Prosecuting Attorney, for the people.

WIEST, J. Defendant was convicted of selling intoxicating liquor to one Benjamin Pine on June 12, 1922. At the trial he claimed former jeopardy. It appears that the examining magistrate made return to the circuit of the proceedings before him and the recognizance given by defendant but omitted to sign the return, and defendant, when put on trial in the circuit, and after a jury was impaneled and sworn, moved to quash the information on the ground that this omission deprived the court of jurisdiction. This motion was granted and the jury excused. The examining magistrate then signed the return and a new information was filed and trial had before another jury resulting in conviction, which is here reviewed on exceptions before sentence.

Defendant's plea of former jeopardy is without merit. The recognizance gave the court jurisdiction. *People* v. *Ten Elshof,* 92 Mich. 167. The circuit court had jurisdiction and the trial judge was in error in quashing the first information. This error, however, was committed on defendant's motion. Defendant, while now confessing the error, invokes it as an avenue of escape. Does the law require the court to open the door and bow defendant out? He says he was in jeopardy when the first jury was impaneled and sworn, because the court had jurisdiction and the information was valid. It is, therefore, pertinent to inquire what arrested the trial and prevented the jury from making true deliverance between the people of

the State and defendant. Defendant's motion to quash the information, on the ground that the court had no jurisdiction, arrested the trial and prevented verdict. Defendant arrested the trial, therefore, without right and the only ground urged for his discharge now is that he asked for and obtained an adjudication he was not entitled to.

The provisions of the Federal and State Constitutions with reference to former jeopardy spring from the common law and afford protection against a second trial for the same offense, but do not, as at the common law, prevent a new trial invoked by and granted to a defendant. *Stroud* v. *United States*, 251 U. S. 15 (40 Sup. Ct. 50).

The power to grant a new trial to one convicted of felony was denied at common law, as it was considered placing an accused twice in jeopardy, and the practice of recommending a pardon in case of manifest error was pursued. But such rule never has prevailed in this jurisdiction, because of the American idea that an accused, in asking for a reversal of his conviction, thereby waives any and all claims of former jeopardy. When modern law struck from an accused the barbarous shackles of the common law, which barred him from giving testimony and having the benefit of counsel, and opened the way for him to contest his prosecution with the aid of counsel and by his own testimony at every step, it left with the old impedimenta the rule that one on trial for a felony could make no waiver. This American departure from the common law is not limited to new trials invoked by a defendant but extends as well to waiver of claim of jeopardy in a case like this and of estoppel to urge the same.

At the first trial defendant moved to quash the information. The motion was granted. Defendant also asked to be discharged. His request was denied.

The prosecutor asked leave to have the return of the justice signed. This was granted. When defendant, by motion, obtained the adjudication that the first information was void he estopped himself from ever after asserting it was valid. That adjudication still stands and bars any plea by him inconsistent therewith.

As was said in *Von Reuden* v. *State*, 96 Wis. 671 (71 N. W. 1048) :

"The defendants cannot now be allowed to say, when the former proceeding comes in question in this collateral way, there being no method of reviewing or reversing it, that the complaint in that case was valid and sufficient. From the judgment thereon as pleaded we must take it as a settled point that the complaint was insufficient, however the fact may be, and that defendants were not in jeopardy under it."

See, also, *Carroll* v. *State*, 50 Tex. Crim. 485 (98 S. W. 859, 14 Ann. Cas. 426, 123 Am. St. Rep. 851), and cases there cited.

The rule to be applied here, supported by the great weight of authority, is stated in *People* v. *White,* 68 Mich. 648:

"When the discharge is procured by the consent, express or implied, of the respondent, the plea must set forth the cause of such discharge, in order that the court may be advised whether it was by the consent of the defendant or not, and for such reasons and under such circumstances as will amount to an acquittal. We have held that, if the jury were discharged by the consent of the accused, it will not operate as an acquittal. *People* v. *Gardner,* 62 Mich. 307."

I am aware that the *White Case* is not in accord with the case of *People* v. *Taylor,* 117 Mich. 583. I am convinced that the *Taylor Case* is not in line with the great weight of authority and cannot be harmonized with the *White Case* and ought not to be followed.

In 16 C. J. pp. 246, 247, it is said:

"So where accused has secured a decision that the indictment is void (*United States* v. *Jones,* 31 Fed. 725), or has been granted an instruction based on its defective character directing the jury to acquit (*State* v. *Meekins,* 41 La. Ann. 543 [6 South. 822]) he is estopped when subsequently indicted to assert that the former indictment was valid (*Miller* v. *State,* 33 Ind. App. 509 [71 N. E. 248]). In such case there may be a new prosecution, whether the indictment in the former prosecution was good or bad."

In *Brown* v. *State,* 109 Ga. 570 (34 S. E. 1031), it was held:

"(Syllabus) An accused person cannot set up former jeopardy upon an accusation which was quashed on a demurrer filed by himself, and this is true though the judge at the time the demurrer was submitted overruled it and allowed the case to proceed to the extent of introducing testimony, but afterwards recalled his original ruling and adjudged that the demurrer was good and the accusation insufficient in law."

The court said:

"When he was again placed on trial upon another accusation charging him with the same offense, he entered a plea of former jeopardy, averring that the first accusation should not have been quashed, and that when arraigned thereon he was put in jeopardy. The plea was overruled, and this is one of the errors assigned. Although the demurrer filed by the accused was at first overruled by the judge, the subsequent ruling sustaining the same was the one that the accused himself invoked, and it does not distinctly appear that he objected at the time to the judge sustaining the demurrer at that stage of the case and ordering the accusation to be quashed. It therefore does not lie in his mouth on a subsequent trial to say that the accusation was good, and that for that reason he was in jeopardy on the former trial. Whether the first accusation was good or bad is immaterial. The accused obtained a ruling, and will not be allowed to bring in question the propriety of a ruling which he himself invoked."

In *Miller* v. *State,* 33 Ind. App. 509 (71 N. E. 248), it was said:

"The right to rely upon a former jeopardy may be waived, and waiver will be implied where, after jeopardy has attached, the defendant moves to quash or dismiss the indictment, and upon such motion the indictment is quashed or dismissed.   In such case there may be a new prosecution, whether the indictment in the former prosecution was good or bad; and where the defendant is acquitted upon his own request, based upon the alleged ground that the indictment is defective, he will not be heard to complain on the second prosecution that he was in jeopardy under the former prosecution."

It was held in *Hensley* v. *State,* 107 Ind. 587 (8 N. E. 692), that it is not sufficient to show that jeopardy attached, but it must also be shown that it was not discharged by operation of law, or waived by some act of the defendant.

In *Jones* v. *Commonwealth,* 124 Ky. 26 (97 S. W. 1118), it was stated:

"It was his own act which caused the dismissal of that indictment, but it cannot, therefore, be said that this was done against his consent.   It has often been decided by this court that a party is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance; and a jury is said to be thus charged when they have been impaneled and sworn.   The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of the bar by the dismission of the indictment against his will, or by the discharge of the jury and a continuance of the case.   Under the facts as they appear in this record, the indictment was not dismissed and the jury discharged against appellant's will, but the same occurred by reason of his own acts, which must be deemed to have been by his consent." Citing cases.

In considering the cases it must be remembered that in States where right to review an acquittal is given the prosecution, a discharge by the court is considered final and, unless reversed upon review, constitutes jeopardy. In this State no such general right of review exists, and none whatever under the circumstances here disclosed, for the court quashed the information, necessarily excused the jury, refused to discharge defendant, and granted the prosecution leave to have the return of the justice signed and incident thereto to file a new information. The quashing of the information was not done to the prejudice of the defendant nor to the rights of the people. The defendant prayed it be done and his prayer was erroneously granted. This deprived the people of the right to proceed to verdict and removed defendant, at his own request, from jeopardy. With the information quashed there remained no issue for the jury, and the discharge of the jury followed in logical sequence. At the time defendant moved to quash the information the jury was charged with his deliverance; he knew that if his motion was granted the jury could not make deliverance and, therefore, in no more definite way could he have expressed his desire to have the trial stopped and the jury discharged.

In Cooley's Constitutional Limitations (5th Ed.), p. 399, it is stated that the defendant may be put upon trial upon the same facts before charged against him and the proceedings had will constitute no protection "if the jury are discharged with the consent of the defendant, expressed or implied." Among other cases this text is based upon the holding of this court in *People* v. *White, supra.*

Bishop's New Criminal Law (8th Ed.), vol. 1, § 998, states:

"If during a trial the jury is discharged with the prisoner's concurrence, this consent thereto is his im-

plied waiver of any objection to being tried anew, and he may be so tried."

And section 1027, subd. 4:

"Where, at any stage of the proceedings, the defendant procures the indictment to be quashed, he cannot in bar to a new one assert that the first was good, and he was in jeopardy under it."

In *People* v. *Taylor, supra,* this court criticized the last cited text from Bishop. I am satisfied that the text expresses the rule, voices good common sense, admits of no violation of constitutional rights of an accused, leaves him where he has placed himself, gives the people a fair chance and is supported by the great weight of authority. The trial judge was right in overruling the plea of former jeopardy.

This holding requires consideration of the other errors assigned. Such errors have been examined and only one group calls for discussion.

The information was confined to a charge of a sale to Benjamin Pine on June 12, 1922. Over objection the court permitted the prosecution to show that for some time before, as early as May 15th, and after June 12th, intoxicated persons came from and were near defendant's premises, and that the sheriff, when he made the arrest on August 5th, searched defendant's premises without a warrant or permission and found whisky in the ice box. If there is any justification for admitting such testimony it must be found in section 54, Act No. 338, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7079 [54]). That act provides:

"SEC. 54. In all prosecutions for selling or furnishing intoxicating liquors, a delivery thereof shall be *prima facie* evidence of such selling or furnishing, and in any such prosecution evidence of other sales or gifts of intoxicating liquor at or about the same time by the same person, or at the same place to other persons, shall be admissible as tending to show the character of the business in which the defendant is

engaged and the probability and creditability of such testimony as may be introduced of the particular sale or sales upon which the State shall rely for conviction."

This statute cannot be extended beyond reasonable limits. It overturns a long established rule of evidence relative to a felony involving no intent and compels the court to reject all legal precedents, the wisdom of ages, to the effect that crimes not charged may not be shown to render it probable the crime charged was committed or lend credit to the testimony relative to an accusation made. When legislation attempts to cut away a long settled rule of evidence regulating criminal trials and to substitute a different rule care should be exercised and the substituted rule be stated with some degree, at least, of clearness.

The term "at or about the same time" imports uncertainty. In point of time "at," as employed in the sentence, means the very day charged. The qualifying word "about," as employed, is too uncertain to carry any sense of legislative intention of period of time beyond its ordinary meaning. The word "about," as used, means near in time to the date of the offense charged. See Bouvier's Law Dictionary, word About. "About the same time" means in close proximity to a fixed date; so close in fact as to be approximately the same time. The court was in error in admitting the testimony. When testimony is admissible under this statute it must inform a defendant of the names or identity of the persons intoxicated in and about his premises. The conviction is reversed and a new trial granted.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.