*In re* MATTISON

Docket No. 54661. Submitted October 20, 1981, at Detroit.—Decided July 12, 1982.

Plaintiff, Prince Albert Mattison, was charged in Detroit Recorder's Court with first-degree murder. Following the preliminary examination, he was bound over on the charge of second-degree murder and pursuant to GCR 1963, 926, the case was assigned by lot to Judge Geraldine Bledsoe Ford. Plaintiff filed a motion to quash which was denied by Judge Ford. Application for leave to file an interlocutory appeal was made, and the Court of Appeals, in lieu of granting leave to appeal, quashed the information and remanded the case to Recorder's Court for further preliminary examination proceedings. At the second preliminary examination, additional proofs were presented and the magistrate again bound plaintiff over on the charge of second-degree murder. However, the magistrate failed to sign an examination return and, rather than selecting a trial judge by lot, orally "reassigned" the case to Judge Ford. A new information was not filed. Plaintiff then filed, before Judge Ford, a motion seeking to remand the case to the examining magistrate to sign the return, conduct a blind draw for assignment of the case to a trial judge and to order the prosecutor to file an information. The motion was granted and the case was remanded to the examining magistrate, who signed the return but did not conduct a new blind draw for the assignment of a trial judge. Subsequently, the Recorder's Court Chief Judge issued an order "reassigning" the case to Judge Ford. Plaintiff then filed a complaint for an order of superintending control in the Wayne County Circuit Court, seeking an order requiring the magistrate to conduct a blind draw for the assignment of a trial judge and commanding that an information be filed. The circuit court dismissed the complaint based on lack of jurisdiction and found that the Recorder's Court Chief Judge had wide

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 114.

21 Am Jur 2d, Criminal Law § 411 *et seq.*

[2, 3] 46 Am Jur 2d, Judges § 26.

discretion to control the assignment of cases within that court, Richard D. Dunn, J. Plaintiff appealed. *Held:*

1. The Wayne Circuit Court had jurisdiction to exercise superintending control to compel the magistrate to sign the examination return.

2. A local court rule required the reassignment of the case to Judge Ford.

3. An order or reassignment of a case to a different judge by a Chief Judge of Detroit Recorder's Court must state in writing the reasons for the reassignment.

Remanded with instructions.

1. SUPERINTENDING CONTROL — JURISDICTION — DETROIT RECORDER'S COURT.

The Wayne Circuit Court has jurisdiction to hear a complaint for superintending control to require an examining magistrate of Detroit Recorder's Court to sign an examination return.

2. CRIMINAL LAW — JUDGES — DETROIT RECORDER'S COURT — COURT RULES.

A Chief Judge of Detroit Recorder's Court is not authorized to "reassign" a case which has not been originally assigned by lot in compliance with GCR 1963, 926.2.

3. CRIMINAL LAW — JUDGES — DETROIT RECORDER'S COURT — COURT RULES.

An order of reassignment of a case to a different judge by a Chief Judge of Detroit Recorder's Court must state in writing the reasons for the reassignment (GCR 1963, 926.3).

*Frank D. Eaman,* for plaintiff.

*Alphonso R. Harper,* for defendant.

Before: T. M. BURNS, P.J., and M. F. CAVANAGH and R. A. BENSON,* JJ.

M. F. CAVANAGH, J. This is an appeal as of right from an order dismissing plaintiff's complaint for superintending control. Plaintiff, Prince Albert Mattison, was charged in Detroit Recorder's Court with first-degree murder. Following the prelimi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nary examination, he was bound over on the charge of second-degree murder and pursuant to GCR 1963, 926, the case was assigned by lot to Judge Geraldine Bledsoe Ford. Plaintiff filed a motion to quash which was denied by Judge Ford. Application for leave to file an interlocutory appeal was made, and this Court, in lieu of granting leave to appeal, quashed the information and remanded the case to Recorder's Court for further preliminary examination proceedings.

At the second preliminary examination, additional proofs were presented and the magistrate again bound plaintiff over on the charge of second-degree murder. However, the magistrate failed to sign an examination return and, rather than selecting a trial judge by lot, orally "reassigned" the case to Judge Ford. A new information was not filed.

Plaintiff then filed, before Judge Ford, a motion seeking to remand the case to the examining magistrate to sign the return, conduct a blind draw for assignment of the case to a trial judge and to order the prosecutor to file an information. The motion was granted and the case was remanded to the examining magistrate, who signed the return but did not conduct a new blind draw for the assignment of a trial judge. Subsequently, the Recorder's Court Chief Judge issued an order "reassigning" the case to Judge Ford.

Plaintiff then filed a complaint for an order of superintending control in the Wayne County Circuit Court, seeking an order requiring the magistrate to conduct a blind draw for the assignment of a trial judge and commanding that an information be filed. The circuit court dismissed the complaint based on lack of jurisdiction and found that the Recorder's Court Chief Judge had wide discre-

tion to control the assignment of cases within that court. Plaintiff Mattison appeals the final order of the circuit court.

This case has been unnecessarily complicated by the parties' failure to note that Judge Ford's order granting plaintiff's motion to compel the magistrate to sign the examination return and conduct a blind draw for the assignment of a trial judge was an absolute nullity. Until the return is signed and filed by the magistrate, the trial court has no jurisdiction over the case. *People v Funk,* 321 Mich 617, 620; 33 NW2d 95 (1948), *In re Elliott,* 315 Mich 662, 675; 24 NW2d 528 (1946), *cert den sub nom Elliott v Michigan,* 330 US 841; 67 S Ct 981; 91 L Ed 1287 (1947). Plaintiff could have waived this defect by filing a recognizance with the trial court, *People v Fochtman,* 226 Mich 53, 55; 197 NW 166 (1924), but this was not done.

If either the prosecutor or plaintiff had deemed it necessary to compel the magistrate to perform the ministerial act of signing the examinaton return (instead of simply requesting him to correct this unexplained oversight), the appropriate procedure would have been superintending control (an action for mandamus) in Wayne County Circuit Court. *People v Cason,* 387 Mich 586; 198 NW2d 292 (1972), *People v Paille #1,* 383 Mich 605; 178 NW2d 469 (1970). MCL 726.2; MSA 27.3552 provides in pertinent part:

"* * * and no order, except orders made in chambers, and then only by the judge making the same, shall be set aside or vacated except in open court; and no judge of said [Recorder's] court shall review or revise any order, judgment, sentence or act of any other judge of said court, involving the personal discretion, judgment or opinion of such other judge."

Thus, aside from her lack of jurisdiction *ab initio,* Judge Ford had no authority to exert superintending control over a peer, here the examining magistrate in Recorder's Court.

For these reasons, we find the circuit court erred in dismissing the complaint for lack of jurisdiction. The court properly could have exercised superintending control, not to enforce Judge Ford's remand order which was a nullity but to compel the magistrate to sign the examination return as such an order could not emanate from the trial division of the Recorder's Court.

With respect to the proper assignment of the case following the magistrate's decision to bind plaintiff over, we note that trial assignments are the prerogative of the Chief Judge of the Recorder's Court, subject to governing local and general court rules.

A local rule of Recorder's Court which neither party called to this Court's attention was the then-applicable Recorder's Court Rule 3, § 3(2). Although since repealed effective September 1, 1981, 411 Mich xlviii, this rule was in effect and governed these proceedings at all pertinent times. Rule 3, § 3(2) states:

"[W]here the cause is dismissed for any reason or reversed on appeal, any reinstitution of the charge and any retrial of the offense shall be assigned to the regular Judge of this Court who heard and decided the matter in the first instance. All retrials and all post-conviction proceedings in cases initially heard and determined by a visiting judge shall be assigned to the regular judge of this Court who was the pretrial judge in the matter."

Applying the clear language of this court rule to the present fact situation leads us to conclude

that, when the same charge was reinstituted against plaintiff following the quashing of those charges by either the trial court or this Court, the case should have been returned for trial to the judge to whom the case was originally assigned by lot. Following a second valid bindover and the filing of an information, this matter by the rule was assigned to Judge Ford for trial.

As we have determined that Recorder's Court Rule 3, § 3(2) automatically required return of the matter to Judge Ford, Judge Gardner's order of "reassignment" was unnecessary. We do note, for future purposes, that a chief judge is not authorized to "reassign" a case which has not been originally assigned by lot in compliance with GCR 1963, 926.2. Also, GCR 1963, 926.3 allows the chief judge to reassign cases where the originally assigned judge is disqualified or for other good reasons by written order stating the reasons for the reassignment. The order of reassignment in this case did not comply with GCR 1963, 926.3 since it did not state in writing the reasons for the reassignment.

In light of the foregoing, we deem it superfluous to resolve any additional jurisdictional or procedural issues. Fortunately, the newly created district court for the 36th district, 1980 PA 438, precludes the recurrence of this situation. In any event, this Court has properly acquired jursidiction. *Lipka v Brown City Community Schools,* 59 Mich App 175, 179; 229 NW2d 362 (1975), *rev'd on other grounds* 403 Mich 554; 271 NW2d 771 (1978), *Fucinari v Dearborn Board of Education,* 32 Mich App 108; 188 NW2d 229 (1971), GCR 1963, 820.1(7). Accordingly, for the reasons stated, we remand this matter to the Detroit Recorder's Court for further proceedings consistent with this opinion,

*viz.,* the magistrate having now signed and filed the return, for trial level proceedings before Judge Ford. We direct that court to give this cause priority in docketing and to hold trial forthwith if an alternative disposition is not made. The trial court shall entertain any request for bond which plaintiff may present forthwith.

This Court retains no further jurisdiction.