[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11171
Non-Argument Calendar

_____

D. C. Docket Nos. 05-20542-CV-ASG
01-00736-CR-ASG

JORGE A. PEREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 16, 2008)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Jorge Perez, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. The district court granted a certificate of appealability on the following issues: (1) whether trial counsel was constitutionally ineffective because he failed to convey a plea offer made by the government; and (2) whether the district court incorrectly enhanced Perez's sentence based on facts that were neither charged in the indictment nor found by the jury, in violation of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).[1]

At the outset, we must decide whether we have jurisdiction to decide this appeal. The government contends that we lack jurisdiction on the ground that the filing of Perez's notice of appeal was untimely. "The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." United States v. Grant, 256 F.3d 1146, 1150 (11th Cir. 2001) (quotation marks and citation omitted). When a final decision is entered on a § 2255 motion, the time for filing a notice of appeal is governed by Federal Rule of Appellate Procedure 4(a)(1), which provides that the notice of appeal must be filed within 60 days of entry of final judgment. See Sanders v. United States, 113 F.3d 184, 186 n.1 (11th

---

[1] We will not consider the various arguments made by Perez with respect to claims outside the scope of the COA. Williams v. United States, 396 F.3d 1340, 1341 n.1 (11th Cir. 2005).

Cir. 1997). Under Federal Rule of Civil Procedure 58(a), the district court's final judgment on a § 2255 motion must be set out in a separate document. When the district court issues an order that denies a § 2255 motion but does not enter its final judgment in a separate document, judgment is entered 150 days from the entry of the order that denied the § 2255 motion. Fed. R. Civ. P. 58(c)(2)(B). Under the "mailbox rule," the date of filing with the court is the date a prisoner delivers a petition or other filing to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

The district court entered its order denying Perez's § 2255 motion on September 7, 2006. The court did not enter a separate document with its final judgment, and accordingly under Fed. R. Civ. P. 58(c)(2)(B), judgment was entered 150 days after the district court's denial of Perez's motion, or on February 4, 2007. Perez's notice of appeal was timely because it was filed on February 28, 2007, which is within 60 days of the entry of judgment. See Fed. R. App. P. 4(a); Adams, 173 F.3d at 1341. Thus, we have jurisdiction to review the district court's denial of Perez's § 2255 motion.

Perez first contends that his trial counsel was constitutionally ineffective because, according to him, counsel failed to convey to him a plea offer made by the government. In a § 2255 proceeding, we review de novo a district court's legal

3

conclusions, and we review the court's factfindings only for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Caderno v. United States, 256 F.3d 1213, 1216–17 (11th Cir. 2001). We give "substantial deference to the factfinder . . . in reaching credibility determinations with respect to witness testimony." United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003) (quotation marks and citation omitted).

To make out an ineffective assistance of counsel claim, the defendant must show that: (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687–88, 104 S. Ct 2052, 2064–65 (1984). We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697, 104 S. Ct. at 2069.

In order to meet the deficient performance prong of the Strickland test, the defendant must show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S. Ct. at 2064. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Id. at 689, 104 S. Ct. at

4

2065. "Counsel has an obligation to consult with his client on important decisions and to keep him informed of important developments in the course of the prosecution." See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). This obligation includes informing a client about plea offers presented by the government. See id.

At a hearing before the district court, Perez's trial counsel testified that he informed Perez of the government's plea offer. The district court found that counsel's testimony was credible, and that Perez's testimony to the contrary was not credible. Perez has not shown that these findings were clearly erroneous, see McPhee, 336 F.3d at 1275, and Perez therefore has not shown that trial counsel's performance was deficient, see Diaz, 930 F.2d at 834. We affirm the district court's denial of Perez's § 2255 motion as to this issue.

Perez also contends that the district court incorrectly enhanced his sentence based on facts that were neither charged in the indictment nor found by the jury, in violation of Blakely and Booker. We review de novo a district court's legal conclusions. Lynn, 365 F.3d at 1232. We have held that "Booker's [and Blakely's] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Under the

5

prior panel precedent rule, only the Supreme Court or this Court sitting en banc may overrule a prior panel's opinion.  United States v. Wright, 392 F.3d 1269, 1280 (11th Cir. 2004).

Because Perez is challenging his conviction and sentence in a § 2255 motion, he is not entitled to relief under Blakely or Booker.  See Varela, 400 F.3d at 868.  Thus, the district court did not err by denying his § 2255 motion as to this issue.  For these reasons, we affirm the district court's denial of Perez's § 2255 motion.

**AFFIRMED.**