**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7795**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

THOMAS MONIQUE BRADDY, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Rebecca Beach Smith, District Judge.  (4:07-cr-00048-RBS-TEM-1; 4:08-cv-00131-RBS)

Submitted:  March 16, 2010          Decided:  March 29, 2010

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas Monique Braddy, Jr., Appellant Pro Se.   Howard Jacob Zlotnick, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Monique Braddy, Jr., seeks to appeal the district court's orders dismissing his 28 U.S.C.A. § 2255 (West Supp. 2009) motion as untimely and denying his subsequent Fed. R. Civ. P. 60(b) motion for reconsideration. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party to a civil case, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). A judgment or order is entered under Rule 4(a) when it is either set forth in a separate document, as required by Fed. R. Civ. P. 58(a), and entered on the district court's docket, or 150 days have passed from the entry of the judgment or order. Fed. R. App. P. 4(a)(7) (defining entry in civil cases). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court entered its order dismissing the § 2255 motion on February 20, 2009. However, because the court did not prepare and enter its judgment on a separate document,

2

the entry of judgment, for purposes of filing a notice of appeal, is deemed to have occurred 150 days thereafter, or on July 20, 2009. See Fed. R. Civ. P. 58(c)(2); Fed. R. App. P. 4(a)(7)(A)(ii). Thus, Braddy had sixty days thereafter, or until September 18, 2009, to note a timely appeal. See Fed. R. App. P. 26(a) (explaining computation of time periods). His notice of appeal, signed on September 21, 2009, was therefore untimely. Braddy has not offered any explanation for this untimeliness, and he did not obtain an extension or reopening of the appeal period. Therefore, we conclude that the notice of appeal is untimely as to the order dismissing Braddy's § 2255 motion.

Additionally, the notice of appeal is untimely as to the order denying Braddy's Rule 60(b) motion for reconsideration. The district court entered its order denying the Rule 60(b) motion on April 6, 2009. Because there is not a separate document requirement for judgments disposing of Rule 60 motions, see Fed. R. Civ. P. 58(a)(5), the judgment is final upon entry on the civil docket. See Fed. R. App. P. 4(a)(7)(A)(i). Thus, Braddy had until June 5, 2009, to note a timely appeal. See Fed. R. App. P. 26(a). His notice of appeal, signed on September 21, 2009, was therefore untimely. Braddy has not offered any explanation for this untimeliness, and he did not obtain an extension or reopening of the appeal

3

period.   Therefore, we conclude that the notice of appeal is untimely as to the order denying Braddy's Rule 60(b) motion.

Accordingly, we dismiss the appeal.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED