NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0470n.06

No. 11-1902

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 10, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHRISTOPHER L. BEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| GREG CAPELLO, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: DAUGHTREY, MOORE, and STRANCH, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. Petitioner Christopher Bey, a Michigan state prisoner, appeals a district court order dismissing as untimely the habeas petition that he filed under 28 U.S.C. § 2244. Bey argues that the petition was not untimely because he did not discover the facts necessary to support it until 2008 – roughly nine years after he pleaded guilty in state court to the drug and firearms charges that he now seeks to have set aside. Because there is no merit to Bey's argument, we AFFIRM the decision of the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 10, 1999, Bey pleaded guilty in Oakland County (Michigan) Circuit Court to one count of delivering a controlled substance weighing less than 50 grams, one count of possessing a firearm as a felon, and two counts of possessing a short-barreled shotgun or rifle. On June 7, 1999,

he was sentenced as a habitual offender to 1-20 years in prison on the controlled substance conviction and to concurrent terms of six months on the remaining convictions, to run consecutively to the first sentence. Because Bey did not apply for leave to appeal either his convictions or his sentence, the judgment of conviction became final 21 days after entry in the trial court, on June 28, 1999. *See* M.C.R. 7.203(A)(1) and (B) (permitting appeal from conviction based on guilty plea by leave only); M.C.R. 7.205(A) (setting 21-day limit on application for leave to appeal).

However, several months later, on September 16, 1999, Bey filed a motion in the trial court to withdraw his guilty plea and vacate the judgment against him. The motion was denied on September 29, 1999, and Bey did not seek leave to appeal that decision. Instead, in June 2001, he filed a motion for relief from judgment under Michigan Court Rule 6.502, the Michigan procedure for seeking post-conviction relief. The trial court denied the motion on August 6, 2001, ruling that the issues raised in the motion should have been raised in an application to appeal from the judgment of conviction and were therefore defaulted. Bey filed a delayed application for leave to appeal that decision on October 9, 2002. On October 30, 2002, the Michigan Court of Appeals dismissed his application as untimely because it was filed over 12 months after the order denying relief from judgment was entered. On April 29, 2003, the Michigan Supreme Court denied Bey leave to appeal the dismissal of his application by the Court of Appeals because it was "not persuaded that the questions presented should be reviewed by this Court."

Nothing more happened for almost five years. Then, on February 28, 2008, Bey filed a second motion for relief from judgment in the Oakland County Circuit Court. In the motion he

argued, among other things, that his conviction should be vacated because the magistrate judge who held the preliminary examination failed to sign the return that Michigan law requires to establish a valid bind-over. *See* Mich. Comp. Laws §§ 766.13, 766.15. On September 26, 2008, the Oakland County Circuit Court dismissed Bey's post-conviction motion as barred by Michigan Court Rule 6.502(G), which prohibits, with limited exceptions, the filing of successive motions for relief from judgment.

One of those exceptions permits the filing of a second or subsequent motion for relief for judgment if it is "based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." M.C.R. 6.502(G)(2). Bey claimed that his successive motion satisfied this exception because he had not discovered the alleged flaw in the bind-over return when he filed his first motion for relief from judgment. However, the court determined that the return had, in fact, been signed – by use of the magistrate's signature stamp, although not in hand-writing.

On August 27, 2009, Bey filed a delayed application for leave to appeal the trial court's denial of relief to the Michigan Court of Appeals. That court denied Bey's application on October 30, 2009." On December 11, 2009, Bey filed an application for leave to appeal to the Michigan Supreme Court. On March 29, 2010, the Michigan Supreme Court denied Bey's application because his successive motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G).

Unsuccessful in securing relief in the state courts, Bey filed the instant petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan on December 15, 2010. In his habeas petition, Bey claimed that his "plea, conviction, and sentence [were] invalid because the trial court lacked 'proper' subject-matter jurisdiction over his case" due to the magistrate's failure to sign the bind-over return and that, as a result, he was "unlawfully imprisoned in violation of his constitutional rights" and denied his due process right to a fair trial. Bey also argued that he was denied effective assistance of counsel because his trial attorney failed to discover and object to the invalid return.

The Michigan Attorney General moved to dismiss the petition as barred by the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). The district court concluded that the petition was indeed untimely and granted the state's motion to dismiss. The court also denied Bey a certificate of appealability because Bey had not "made a substantial showing of the denial of a constitutional right." Subsequently, Bey successfully secured a certificate of appealability in this court.

## DISCUSSION

A district court's dismissal of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2244 is reviewed *de novo*. *Souter v. Jones*, 395 F.3d 577, 584 (6th Cir. 2005). Bey argues that the district court erred when it concluded that his petition was filed outside the one-year statute of limitations established by § 2244(d)(1). He contends that his petition was timely filed because

- 4 -

he did not know of the factual predicate to his claim until 2008, when he discovered that his bind-

over return was signed by rubber-stamp rather than by hand.

Section 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application

for a writ of habeas corpus by a person in custody pursuant to a judgment by a State court." This

limitation period runs from the latest of one of four dates:

> A. The date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> B. The date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> C. The date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> D. The date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Bey argues that § 2244(d)(1)(D) should determine when his limitations period began to run,

rather than § 2244(d)(1)(A), as the district court held. He thus insists that the limitations period

began to run on an unspecified date in 2008, when he discovered that the return was flawed, rather

than on June 28, 1999, when the period for filing an application for leave to appeal his conviction

expired. However, as the district court noted when it dismissed Bey's application as untimely filed,

in order for § 2244(d)(1)(D) to apply to a habeas petition, a petitioner must show that he could not

have discovered the factual predicate for his habeas claim earlier through the exercise of due diligence. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim.") Bey neither alleges nor provides any reason to suppose that he not only did not but *could not* have discovered the alleged defect in his bind-over prior to 2008. In fact, he provides no information at all about how he came to learn about the use of a rubber-stamp on the return or even when, specifically, in 2008 he discovered it. As a result, it is impossible to infer from Bey's brief whether and to what extent he exercised due diligence. Bey thus has not met his burden of demonstrating that §2244(d)(1)(D) applies.

Pointing to the gaps in the evidentiary record, Bey asks us to remand his case to the district court for further inquiry into whether he acted with sufficient diligence to render § 2244(d)(1)(D) applicable to his petition, as we did in *DiCenzi*. *See DiCenzi*, 452 F.3d at 470 (remanding in order to "develop a record as to whether [the petitioner] was duly diligent for statutory purposes"). Remand is not appropriate in this case, however, because even if the district court were to find upon further inquiry that Bey was duly diligent and that § 2244(d)(1)(D) applies, his petition would still not be timely.

The record establishes that Bey filed his habeas petition more than one year after the latest day on which he could have discovered that the bind-over return was not hand-signed. Although Bey does not specify when in 2008 he discovered the alleged flaw, it is clear from the record that Bey

knew of it some time before February 7, 2008, when the Oakland County Circuit Court first received

Bey's notice of newly-discovered evidence. But, Bey did not file his habeas petition until December

15, 2010, which constitutes a gap of nearly three years, significantly more than one year between the

latest date of "discovery" and the date of filing. Hence, his petition would have been untimely even

if § 2244(d)(1)(D) were applicable.

This result follows notwithstanding § 2244(d)(2), which tolls the running of the one-year

limitations period when "a properly filed application for . . . post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending" in state court. Bey appears to

assume that under § 2244(d)(2), the filing of his second motion for relief from judgment in state

court on February 28, 2008, not only tolled the running of the limitations period but also reset the

one-year period to day one. But, we have held that second or successive motions for relief from

judgment barred by Michigan Court Rule 6.502(G) are not "properly filed application[s] for State

. . . collateral review" and, therefore, do not stop (or reset) the running of the limitations clock under

§ 2244(d)(2).[1] *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012). The same rule obviously

applies to applications for appellate review of the dismissal of a second or successive motion, given

---

[1] Even if this were not the rule in this circuit, and even if Bey's second or successive motion for relief from judgment had tolled the running of the limitations period, more than a year passed between the time that he purportedly discovered the new information about the return and the date that he filed the habeas petition, during which time an application for relief was not pending in state court. Indeed, 11 months passed after the Oakland County Circuit Court denied Bey's motion for relief for judgment on September 26, 2008, and before he filed an application for leave to appeal with the Michigan Court of Appeals on August 27, 2009. Bey subsequently waited more than one month after the Michigan Court of Appeals denied his application for leave to appeal on October 30, 2009, to file an application for leave to appeal to the Michigan Supreme Court. He then waited over eight months after the Michigan Supreme Court denied his application for leave to appeal on March 29, 2010, before filing his federal habeas petition on December 15, 2010. All told, more than 20 months passed after Bey discovered that his examination return was not hand-signed, during which period there was no "properly filed application for relief" pending in state court.

the language in Rule 6.502(G) prohibiting "[an] appeal [from] the denial or rejection of a successive motion." M.C.R. 6.502(G)(1).

Thus, there simply is no question that Bey's habeas petition was filed outside the limitations period established by § 2244(d)(1), even if we take the facts in the light most favorable to the petitioner. Further, Bey has not requested equitable tolling, nor does the record suggest that equitable tolling would be appropriate in this case. In order to merit equitable tolling, a habeas petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent a timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Neither condition is satisfied here.

Finally, a word to the petitioner, who seems sincerely convinced that his conviction would be vacated if only he could have the merits of his claim reviewed by some judicial authority. Put plainly, because habeas relief rests on a finding of a federal constitutional violation, and because there was none in this case, success on the merits has never been a possibility. As the state has repeatedly pointed out, Bey's claim rests on state law, and except for *dicta* in a 1982 opinion of the Michigan Court of Appeals,[2] there is no authority for the proposition that a bind-over return must be hand-signed by the magistrate who executes the return in order to support a valid criminal

---

[2] *See In re Mattison*, 324 N.W.2d 114 (Mich. Ct. App. 1982), in which the dispositive issue involved the failure to engage in a blind draw for the assignment of the trial judge following a preliminary examination. The appellate court noted that "[u]ntil the return is signed and filed by the magistrate, the trial court has no jurisdiction over the case." *Id*. at 116. However, as the court also noted, Mattison "could have waived this defect by filing a recognizance [bail bond] with the trial court." *Id*. The record in this case indicates that Bey posted bond in the district court and that it was continued in the trial court, thus establishing the trial court's jurisdiction over Bey.

conviction in a Michigan trial court. As previously noted, the trial judge in Bey's case held that the return had been validly signed by means of the magistrate's use of his stamp, and the petitioner has failed to identify any authority to support the proposition that the stamped signature amounted to no signature at all. Moreover, Michigan Court Rule 6.110, governing preliminary examinations, requires only that the "return of examination" must be "certif[ied] and transmit[ted]" to the trial court. M.C.R. 6.110(G). Although the concept of "certification" may imply a signature by the magistrate, there is no explicit provision in the rule that the return be hand-signed.

In addition, the Michigan Court of Appeals's opinion in *In re Mattison*, the case relied on by the petitioner throughout his post-conviction litigation, describes the "signing [of] the examination return" as a "ministerial act." 324 N.W.2d 114, 116 (Mich. Ct. App. 1982). The opinion further provides that the remedy for an unsigned return, "[i]f either the prosecutor or plaintiff had deemed it necessary to compel the magistrate to perform [such a] ministerial act," would have been to remand the return to the magistrate for a correction. *Id*. Nothing in the opinion suggests that under Michigan law, the failure to do so deprives a trial court of jurisdiction or invalidates an ensuing conviction.

But Michigan state law is not controlling in this case. Instead, a habeas petitioner must plead and prove a deprivation of a federal constitutional right. Although Bey alleges that his right to due process was violated in connection with the bind-over order, he waived any claim to relief when he failed to raise the issue in the state trial court before he entered a guilty plea to the charges that formed the basis for the bind-over. As the Supreme Court has held:

*Bey v. Capello*
11-1902

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 771 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The petitioner's claim for relief has, from the very beginning, been nothing more than an illusion.

## CONCLUSION

For the reasons set out above, we conclude that Bey's habeas petition was untimely filed. Consequently, we AFFIRM the judgment of the district court.