FILED
United States Court of Appeals
Tenth Circuit

June 5, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM J. BATTON,

Defendant - Appellant.

No. 13-8017
(D.C. Nos. 2:11-CV-00259-ABJ and
1:09-CR-00030-ABJ-1)
(D. Wyo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner William J. Batton, a federal prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. §

2253(c)(1)(B) (requiring a COA to appeal an order denying a § 2255 motion). He also

seeks leave to proceed *in forma pauperis*. We deny both requests and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Batton is proceeding pro se, we construe his pleadings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584
F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments
liberally; this rule of liberal construction stops, however, at the point at which we begin
to serve as his advocate.").

## I. BACKGROUND

Mr. Batton was convicted by a jury in the district court of a single count of interstate transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and sentenced to 360 months in prison. He appealed, and this court affirmed his conviction. *United States v. Batton*, 602 F.3d 1191, 1202 (10th Cir. 2010). We summarized the underlying facts of this case in that opinion, *id.* at 1194-95, and do not repeat them here.

After his unsuccessful appeal, Mr. Batton filed a 28 U.S.C. § 2255 motion to vacate his sentence, raising five grounds for relief. He argued that (1) his due process rights were violated because his indictment was supported by unreliable evidence; (2) his due process rights were violated by prosecutorial misconduct at trial; (3) he had ineffective assistance of counsel at trial; (4) he had ineffective assistance of counsel on appeal; and (5) the cumulative effect of the violations violated his right to a fair trial.

The district court ruled that Mr. Batton's first two claims were procedurally barred because he failed to raise them on direct review and that his other claims failed on the merits. The court therefore denied his motion and refused to issue a COA. Mr. Batton filed a motion for reconsideration under Fed. R. Civ. P. 59(e). The district court determined that this motion was untimely, treated it as a Rule 60(b) motion, and denied it as a second or successive habeas petition on January 4, 2013. Mr. Batton filed a notice of appeal on February 4, 2013, appealing the district court's denial of his § 2255 motion and of his Rule 59(e) motion.

## II. **JURISDICTION**

The district court failed to enter a separate order as required under Rule 58(a) for its October 18, 2012 denial of Mr. Bratton's § 2255 motion. Under Rule 58(c), the judgment was considered entered on March 17, 2013, 150 days from when the denial of the § 2255 motion was entered on the civil docket. Mr. Bratton has not asked this court for second or successive authorization or for review of the district court's treatment of his Rule 59(e) motion as a Rule 60(b) motion. He instead has requested a COA for review of the district court's denial of his § 2255 and Rule 59(e) motions, and he has done so in a timely manner.[2] We therefore have jurisdiction to consider Mr. Bratton's request for a COA under 28 U.S.C. § 1291.

## III. **DISCUSSION**

Mr. Batton requests that we grant a COA on his ineffective assistance of counsel claims. He also filed a motion to expand COA to include any grounds from his original § 2255 motion that we deem suitable for review.

A COA is a jurisdictional prerequisite for appeal from the district court's dismissal of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). To obtain a COA, Mr. Batton must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A prisoner makes "a substantial

---

[2] As explained above, under Rule 58(c), judgment denying Mr. Batton's § 2255 motion was considered entered on March 17, 2013. He filed his notice of appeal to seek a COA on February 4, 2013. His notice is considered timely filed under our ripening rule. *See Shepherd v. Holder*, 678 F.3d 1171, 1178 (10th Cir. 2012).

3

showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted).

## A. *Ineffective Assistance of Counsel*

In his application for a COA, Mr. Batton argues, as he did at the district court, that his counsel's deficient performance at trial deprived him of his Sixth Amendment right to effective counsel. To establish ineffective assistance of counsel, a petitioner must show (1) constitutionally deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the case would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). If the applicant is unable to show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim "necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

To show sufficient prejudice, the applicant must establish that "counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable." *Id.* (quotations omitted). "Establishing a reasonable probability of a different outcome requires something less than a showing that counsel's deficient conduct more likely than not altered the outcome in the case. Instead, a reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* (quotations omitted). "[M]ere speculation is not sufficient to satisfy this burden." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir.

4

2011). Mr. Batton has not shown sufficient prejudice from his counsel's alleged ineffective assistance. His claim therefore fails.

Mr. Batton's only contention in his COA application is that his counsel was ineffective for failing to object during the prosecutor's closing argument. He argues that the prosecutor misstated the record by asserting that Mr. Batton dried the victim off after a shower during a trip to South Dakota. Because the victim never testified that Mr. Batton dried him off during the trip to South Dakota, Mr. Batton argues that the statement was improper and his counsel was ineffective for failing to object to it. He asserts that he was therefore entitled to relief under 28 U.S.C. § 2255 because he demonstrated a "valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484.

We agree with the district court that Mr. Batton's counsel's failure to object during closing argument does not establish prejudice. "A prosecutor's improper statement to the jury is harmless unless there is reason to believe that it influenced the jury's verdict." *United States v. Ivy*, 83 F.3d 1266, 1288 (10th Cir. 1996) (quotations omitted). We must "consider the trial as a whole, including the curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case" when evaluating the harmfulness of misconduct. *Id.* (quotations omitted).

Although the prosecutor misstated the facts on this one occasion, there was abundant evidence in the record, including testimony from the victim, about other occasions when Mr. Batton had dried him off inappropriately after showers. In the context of the entire trial, Mr. Batton did not provide reason to conclude the prosecutor's misstatement constituted misconduct or that it influenced the jury's verdict. *See id.* Mr.

5

Batton's counsel's failure to object cannot therefore constitute ineffective assistance that is sufficiently prejudicial under *Strickland* and *Hooks*.  *Hooks*, 606 F.3d at 724 (citing *Strickland*, 466 U.S. at 700).

Our review of the record shows that defense counsel's failure to object to the prosecutor's misstatement of the record was not prejudicial.  We conclude that reasonable jurists could not debate the correctness of the district court's decision on Mr. Batton's ineffective assistance of counsel claim.  We therefore deny COA on this issue.

## B. *Motion To Expand COA*

Mr. Batton also filed a motion to expand COA, asking us to, "sua [s]ponte, include for review any and all grounds" from his initial § 2255 motion that we determine are appropriate for review.  He provides no argument or support for including any other grounds for review.  We therefore determine that all other grounds are inadequately briefed on appeal and deny his motion to expand his COA request.  *See United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (quotations omitted)).

## IV.  **CONCLUSION**

We reject Mr. Batton's application for a COA and dismiss this matter.  We also deny his request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

6