*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0267p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

TORRENCE GILLIS,

        *Petitioner-Appellant,*

        *v.*

UNITED STATES OF AMERICA,

        *Respondent-Appellee.*

No. 12-3397

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
Nos. 1:11-cv-01039; 1:06-cr-00290-12—Patricia A. Gaughan, District Judge.

Decided and Filed:  September 9, 2013

Before:  SILER and ROGERS, Circuit Judges; BERTELSMAN, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Edward F. Feran, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.  Torrence Gillis, Bruceton Mills, West Virginia, pro se.

_____

## OPINION

_____

ROGERS, Circuit Judge.  This appeal, brought by a prisoner proceeding pro se, involves a series of delayed and untimely filings.  Even though Torrence Gillis did not file his appeal for 201 days, there is appellate jurisdiction because when a district court fails to issue a separate judgment in denying a 28 U.S.C. § 2255 motion, a petitioner effectively has 210 days to submit an appeal.  However, the district court properly dismissed Gillis's § 2255 motion as time-barred under § 2255(f).

_____

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In 2007, a jury convicted Torrence Gillis of possession with intent to distribute 4.12 grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860(a).  *United States v. Gillis*, 592 F.3d 696, 697–98 (6th Cir. 2009).   The district court initially sentenced him to 262 months of imprisonment and six years of supervised release.  *Id.*  That judgment was reversed on direct appeal, and the case was remanded for further proceedings concerning the application of the career-offender provisions of the sentencing guidelines.  *Id.* at 699.

On December 10, 2009, the district court resentenced Gillis to 191 months of imprisonment and six years of supervised release.  Gillis wrote to his attorney on December 22, 2009 and June 9, 2010, describing the arguments he wished to make on direct appeal and asking about the status of his appeal.  Gillis also wrote to the Clerk of Court on June 9, 2010, requesting an updated docket sheet and status of his appeal.  On June 20, 2010, nearly six months after the deadline to appeal his resentencing, Gillis wrote to the district judge, and in his letter acknowledged that his resentencing appeal had not been timely filed and requested that the court permit his late appeal.  His attorney filed a belated notice of appeal of Gillis's resentencing on August 6, 2010.  A panel of this court dismissed that appeal because it was untimely filed.  *United States v. Gillis*, No. 10-3953 (6th Cir. Jan. 24, 2011) (unpublished order).

On May 20, 2011, Gillis filed a pro se motion to correct, vacate, or set aside his sentence under § 2255.  He alleged that he had been denied the effective assistance of counsel because his attorney did not timely file an appeal from the resentencing judgment.  The Government moved to dismiss the motion as untimely and Gillis did not respond.  The district court agreed with the Government and dismissed the case on September 9, 2011, because Gillis had not filed his § 2255 motion within the applicable one-year limitation period prescribed by § 2255(f).  *United States v. Gillis,* No. 1:06 CR 290, 2011 WL 4007398, at *1 (N.D. Ohio Sept. 9, 2011).

Gillis appealed the denial of his § 2255 motion on March 28, 2012.  He was directed to show cause why the appeal should not be dismissed due to lateness.  That issue was referred to the hearing panel and briefing was ordered on all the issues in the

case. In addition, the Government has filed a motion to dismiss Gillis's appeal as untimely and Gillis has filed several miscellaneous motions, including a motion for leave to proceed in forma pauperis on appeal.

Because there was no separate judgment, this appeal from the denial of Gillis's § 2255 motion was timely filed. Gillis's appeal was filed 201 days after the district court denied the § 2255 motion. Generally, petitioners have 60 days to appeal from the denial of a § 2255 motion, *see* Fed. R. App. P. 4(a)(1)(B) and Rule 11(b) of the Rules Governing § 2255 Proceedings for the United States District Courts (Habeas Rules), but Gillis had 210 days to file his appeal because the district court failed to enter a separate judgment, as required by Federal Rule of Civil Procedure 58(a).

Gillis had sixty days to file his appeal from the time the judgment was entered. *See* Fed. R. App. P. 4(a)(1)(B). However, the district court's judgment was not considered "entered" until February 6, 2012—150 days after it denied the § 2255 motion—because Federal Rule of Appellate Procedure 4(a)(7) defines a judgment as entered 150 days after entry in the civil docket in the absence of a separate judgment required under Civil Rule 58(a). Fed. R. App. P. 4(a)(7)(A)(ii). Civil Rule 58(a) requires a separate judgment for all decisions or orders, except for those made pursuant to Civil Rules 50(b), 52(b), 54, 59 or 60, *see* Fed. R. Civ. P. 58(a), none of which applies to Gillis's motion. Because the district court denied Gillis's motion in a "Memorandum of Opinion and Order," and did not enter a separate judgment as required under Appellate Rule 4(a)(7) and Civil Rule 58(a), Gillis had 210 days—the 150 days mandated by Appellate Rule 4(a)(7), plus the standard 60-day window provided by Civil Rule 4(a)(1)(B)—to file his appeal. Because Gillis filed his appeal within the 210-day window, his appeal was timely.

Many of our our sister circuits have similarly recognized that Civil Rule 58(a), in conjunction with Appellate Rule 4(a) and the Habeas Rules, requires a separate judgment in habeas proceedings, and therefore permits a petitioner 210 days to file an appeal when no separate judgment is entered. *See, e.g., United States v. Batton*, No. 13-8017, 2013 WL 2435357, at *1 (10th Cir. June 5, 2013); *United States v. Braddy*, 372 F.

App'x 405, 406 (4th Cir. 2010); *Perez v. United States*, 277 F. App'x 966, 967–68 (11th Cir. 2008); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *United States v. Johnson*, 254 F.3d 279, 283–84 (D.C. Cir. 2001).  One circuit has stated that because of the quasi-criminal nature of a § 2255 motion, Civil Rule 58(a) does not apply, and therefore a petitioner only has 60 days to appeal under Appellate Rule 4(a)(1)(B), regardless of whether a separate judgment was entered. *See Williams v. United States*, 984 F.2d 28, 29–31 (2d Cir. 1993).  However, Habeas Rule 11(b) states that Appellate Rule 4(a) governs the time to appeal, and Appellate Rule 4(a), in turn, defines the entry of a judgment with reference to Civil Rule 58(a).  Therefore, when a district court fails to enter a separate judgment when denying a § 2255 motion, a petitioner has 210 days to file an appeal, and the instant appeal is timely.

While the lack of a separate order gave Gillis an additional six months to file his appeal from the denial of his § 2255 motion, the rules are not so lenient with regard to the timeliness of his § 2255 motion in the first place.  The motion was filed more than sixteen  months after the claim accrued.   The district court accordingly properly dismissed the § 2255 motion as time-barred, because it was filed after the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Gillis was resentenced on December 10, 2009, and the time for filing a notice of appeal expired on December 26, 2009.  Over sixteen months later, on May 20, 2011, Gillis moved to vacate the judgment under 28 U.S.C. § 2255, arguing ineffective assistance of counsel in not filing an appeal until August of 2010.  The § 2255 motion contained no argument concerning the timeliness of the § 2255 motion itself.  On June 13, 2011, the Government moved to dismiss the § 2255 motion as untimely.  There was no response from Gillis when the district court almost three months later granted the motion to dismiss, reasoning as follows:

> Under Fed.R.App.P. 4(b)(1), defendant had 14 days from the entry of the Judgment issued on December 12, 2009, in which to file his notice of appeal.  Defendant did not file a timely notice of appeal.  Since

he did not pursue a timely direct appeal, his conviction became final on December 26, 2009.

Gillis had one year, or until December 26, 2010, within which to file his § 2255 motion. Defendant did not file his motion until May 20, 2011. As such, the motion is untimely. Gillis makes no argument to the contrary.

*Gillis*, 2011 WL 4007398, at *1 (footnotes omitted). Gillis filed nothing further until six months later, when he sent a letter to the court almost totally devoted to arguing the ineffectiveness of his counsel in not filing an appeal from his resentencing. One sentence, however, addressed the court's § 2255-untimeliness reasoning:

[T]he AEDPA as amended to § 2255 provides a one-year limitation period shall run from the date on which the judgment of conviction became final which was on January 25, 2011, when my appeal was dismiss[ed] as untimely which show[s] that my one-year limitation would extend to January 25, 2012.

The letter was apparently treated by the district court as a motion for reconsideration, and denied by a margin entry order "for the same reasons as stated in this court's order of 9-9-11."

Thus the only argument brought to the district court's attention with respect to the timeliness of the § 2255 motion was that the limitation period should have run from when Gillis's untimely appeal was dismissed. This argument is facially without merit. A conviction becomes final when the time for direct appeal expires and no appeal has been filed, not when an untimely appeal is dismissed. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). If the one-year AEDPA statute of limitations could be extended by filing a late notice of appeal and getting that late appeal dismissed, there would not be much left to the statute of limitations.

No other argument has been made to the district court or to us regarding the timeliness of the § 2255 motion, and we need not address hypothetical arguments Gillis might have made. In particular, Gillis does not argue that under § 2255(f)(4) the time ran not from when his resentencing could no longer be appealed, but from some later date, one before which he could not have discovered the factual predicate for his habeas

claim through the exercise of due diligence. Presumably that date would be when he could have discovered with due diligence that his direct appeal had not been filed. Gillis has presented no facts, below or here, as to what that date would be. Such a showing is required. *Bey v. Capello*, No. 11-1902, 2013 WL 1924870, at *3 (6th Cir. May 10, 2013) (citing *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)).

Nor does Gillis argue for equitable tolling, which in any event would have required showing that he has pursued his rights diligently and that an extraordinary circumstance stood in the way of his timely filing a § 2255 motion. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). Such showings would have been difficult for Gillis to make in this case.

AFFIRMED.