**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 26, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIAM BATTON,

      Defendant - Appellant.

No. 16-8043
(D.C. No. 1:09-CR-00030-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves the timeliness of a motion for a new trial. The

case itself involves a criminal conviction in 2009 for transporting a minor

across state lines to engage in unlawful sexual acts. 18 U.S.C. § 2423.

Roughly 5 ½ years after the conviction, the defendant (Mr. William

Batton) moved for a new trial based on newly discovered evidence

involving the victim's credibility. According to Mr. Batton, this evidence

---

[*]    We do not believe that oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

had been withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court denied the motion for a new trial based on timeliness and declined to alter the ruling when faced with a motion for reconsideration. Mr. Batton challenges the rulings denying the motions for a new trial and reconsideration. We affirm both rulings.

Motions for a new trial, based on newly discovered evidence, are due three years after the verdict. Fed. R. Crim. P. 33(b)(1). Mr. Batton missed this deadline. Thus, the motion for a new trial would ordinarily be considered untimely. But the district court had discretion to extend the three-year deadline upon a showing of good cause and excusable neglect. Fed. R. Crim. P. 45(b)(1)(B).

The government moved to dismiss the motion for a new trial, arguing that it had been untimely. In response, Mr. Batton argued that the district court should extend the deadline based on excusable neglect. But in denying the motion for a new trial, the district court may have overlooked Mr. Batton's argument involving excusable neglect, for the court stated that "Defendant makes no claim that the three year time period should be extended for excusable neglect or that there are circumstances that might justify a determination that the Court should allow this claim to now go forward." Doc. 139 at 3.

The potential oversight proved inconsequential, for the district court later confirmed that it had "reviewed the materials submitted by the

2

defendant" and adhered to the earlier ruling denying the motion for a new trial. We take the district court at its word when the court confirmed that it had reviewed Mr. Batton's filings. *See Livsey v. Salt Lake County*, 275 F.3d 952, 957 (10th Cir. 2010).

The resulting question is whether the district court erred in ruling that Mr. Batton had not shown excusable neglect. In considering that ruling, we must determine whether the district court abused its discretion. *United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013); *United States v. Munoz*, 605 F.3d 359, 366 (6th Cir. 2010).

In conducting this review, we consider four pertinent factors:

- the danger of unfair prejudice to the government,

- the length of the delay and its potential impact on the judicial proceedings,

- the reasons for the delay, and

- whether the movant acted in good faith.

*United States v. Vogl*, 474 F.3d 976, 981 (10th Cir. 2004). Fault for the delay is "a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (internal quotation marks omitted). Thus, in *United States v. Torres*, we overturned a finding of excusable neglect based solely on the movant's fault. *See id.* at 1162-63.

3

The district court reasonably concluded that Mr. Batton was to blame for the delay. He denied blame, contending that he had sought a new trial quickly after obtaining the new evidence, consisting of handwritten notes from the victim's therapist, through a subpoena in a civil proceeding brought by the victim. But the district court

- explained that Mr. Batton could have obtained the information years earlier and

- reasoned that the passage of roughly 5 ½ years was prejudicial to the government, as memories had likely faded with the passage of time.

As to Mr. Batton's delay, the district court explained:

> [The victim's therapist] was interviewed by law enforcement July 16, 2008 and that interview . . . was provided to defense counsel [before trial] with proper redactions to the interview report. [The therapist's] report and her potential as a witness for either the defendant or the government was known. All litigants in the case knew of her professional involvement with and therapeutic treatment of the victim. Both sides could have sought her records and testimony by subpoena. It is not reasonable to think [she] had not recorded her professional impressions in some manner at times contemporaneous to her treatment of the victim. It is disingenuous to suggest the notes could not have been obtained prior to the trial in the face of the then-existing knowledge of [the therapist's] treatment and professional relationship with the victim.

Doc. 139 at 5 (citation omitted). In short, the very process by which Mr. Batton ultimately obtained the treatment notes had been available to him years before. None of his arguments suggest otherwise.[1]

---

[1] Mr. Batton does argue that prior availability of the notes through a subpoena should not undercut his *Brady* claim, citing *Banks v. Reynolds*,

4

As for the length and prejudicial effect of the delay, the district court noted that a delay of 5 ½ years—2 ½ years beyond that already allowed by Rule 33 for the discovery of new evidence—was "obviously prejudicial to the government." *Id.* at 4. The passage of time impair[ed] the government's ability to effectively relitigate the case [because] . . . events occurred long ago; witnesses bec[a]me unavailable; memories fade[d]." *Id.* at 5. The delay also "impact[ed] the Court's judicial proceedings, and the efficiency, accuracy and the fairness of those proceedings." *Id.* at 5-6.

These considerations may be mitigated by the victim's prosecution of a civil suit in the interim. But the district court could reasonably rely on the factors involving length of the delay and prejudice.

Under these circumstances, we conclude that the district court did not abuse its discretion in denying Mr. Batton's motions for a new trial and reconsideration.[2]

---

54 F.3d 1508, 1517 (10th Cir. 1995) ("The fact that defense counsel knew or should have known about [alleged exculpatory] information, is irrelevant to whether the prosecution had an obligation to disclose the information." (internal quotation marks omitted)). But that is not the point at issue. We are concerned not with the merits of the *Brady* claim, but with the inadequacy of his showing of excusable neglect.

[2]     Mr. Batton's briefing touches on other matters not specifically addressed here, but we have restricted our discussion to the points material to our disposition.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge