FILED
United States Court of Appeals
Tenth Circuit

June 19, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM J. BATTON,

    Defendant - Appellant.

No. 19-8081
(D.C. Nos. 2:18-CV-00101-ABJ &
1:09-CR-00030-AJB-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Defendant-Appellant William Batton seeks a Certificate of Appealability (COA)

to challenge the district court's denial of his second or successive habeas petition under

28 U.S.C. § 2255. To obtain a COA, he must make "a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2).

Mr. Batton was convicted of interstate transport of a minor with intent to engage

in illegal sexual acts in violation of 21 U.S.C. § 2423(a) and sentenced to 360 months.

This court affirmed the conviction on direct appeal. United States v. Batton, 602 F.3d

1191 (10th Cir. 2010). Mr. Batton sought postconviction relief under § 2255, arguing

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that his right to due process was violated and that his counsel was ineffective. The district court denied his motion and denied his motion for a COA. Batton v. United States, Nos. 11-CV-259-J & 09-CR-30-J, 2012 WL 12953677 (D. Wyo. Oct. 18, 2012) (unpublished). This court denied Mr. Batton's request for a COA on that ruling. United States v. Batton, 527 F. App'x 686 (10th Cir. 2013) (unpublished). Mr. Batton then moved for a new trial under Federal Rule of Criminal Procedure 33, which the district also denied. United States v. Batton, 09-CR-30-J, 2015 WL 13404303 (D. Wyo. July 6, 2015) (unpublished). This court affirmed. United States v. Batton, 687 F. App'x 680 (10th Cir. 2017) (unpublished).

Mr. Batton then sought this court's authorization to file a second or successive petition to vacate his sentence. Mr. Batton's argument arose out of undisclosed and undiscovered use of Eye Movement Desensitization and Reprocessing (EMDR) therapy on the government's primary witness: the victim. Performing the required gatekeeping function, this court granted authorization as to claims under Brady v. Maryland, 373 U.S. 83 (1963), and Strickland v. Washington, 466 U.S. 668 (1984), but "express[ed] no opinion on the merits of the claims or any other issue (such as timeliness)." In re: William Batton, No. 18-8022 (10th Cir. June 13, 2018). The district court denied the petition as untimely and unsupported on the merits. 3 R. 255.

To obtain a certificate of appealability, Mr. Batton must first demonstrate that the district court's resolution of the timeliness issue was reasonably debatable, as well as its resolution of constitutional claims. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The time limit applicable to this case is 28 U.S.C. § 2255(f)(4), which provides that the

2

petition must be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." By his own admission, Mr. Batton received access to psychotherapy records indicating the use of EMDR on August 6, 2014. Aplt. Br. at 11. He did not file his petition based on the discovery of these materials until 2018, four years later. 3 R. 5. Mr. Batton's petition is clearly untimely; the district court's resolution of this issue is not reasonably debatable notwithstanding Mr. Batton's arguments to the contrary.

We DENY a COA, DENY IFP and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge